# Jenkins *v.* Mathews.

*Bill in Equity to Establish and Enforce Vendor's Lien.*

2. *Burden of proof as to payment of purchase-money.*—Under a bill to enforce a vendor's lien on land, while the *onus* of proving payment may be on the defendant, the recital of payment in the conveyance makes out a *prima facie* case, and shifts on the complainant the *onus* of rebutting or overcoming it.

2. *Vendor's lien; proof as to non-payment of purchase-money.*—Where the conveyance recites payment of the purchase-money, and it is not shown that any notes were executed by the purchaser at the time it was delivered, a vendor's lien will not be declared on vague or doubtful testimony; the proof must be sufficient to enable the court satisfactorily to determine, not only the fact that the purchase-money is unpaid, but also its amount; and when uncertainty and conflict as to material facts exist, and the defendant's version of the transaction is sustained by disinterested witnesses, a lien will not be declared.

APPEAL from Wilcox Chancery Court.

Heard before Hon. N. S. GRAHAM.

This was a bill in equity exhibited on 23d March, 1883, by Thomas G. Jenkins, administrator of the estate of W. J. McLean, deceased, against Mary Mathews, and sought to establish and enforce a vendor's lien on certain lands sold and conveyed to the respondent by said McLean in his life-time. The facts are sufficiently stated in the opinion.

S. J. CUMMING, for appellant.

JNO. Y. KILPATRICK, *contra.*

CLOPTON, J.—The purpose of the bill is to enforce a vendor's lien. The record only raises a question of fact—indebt-

[Jenkins v. Mathews.]

edness *vel non* for the purchase-money of two parcels of land, sold and conveyed, January 1, 1881, by Dr. McLean, complainant's intestate, by separate conveyances to defendant. Each deed contains a recital, acknowledging the payment of the purchase-money ; but the bill alleges that it was not paid, and that defendant still owes the amount thereof, with interest from the date of the conveyances. The theory of complainant is, which he seeks to establish by evidence, that defendant gave the vendor two notes, a separate note for the purchase-money of each of the parcels of land, and that having access to his papers, she abstracted the notes during his last illness, or immediately after his death. The defendant denies having given any notes, and sets up as a defense that she paid for the lands ; in this, that the vendor was indebted to her, and sold and conveyed the lands in payment of such indebtedness.

While the burden of proof may be on defendant to show payment, the recitals of the conveyances make a *prima facie* case, and shift on complainant the *onus* to rebut or overcome the presumption arising on the face of the deeds. This he endeavors to do, mainly, by the evidence of Baxter McLean and W. A. McLean, who testify, that they saw notes of the defendant in the possession of the vendor a short time before his death, which occurred in September, 1881 ; and by the evidence of Mrs. Powe, who testifies to declarations of Dr. McLean, which were admitted without objection, and considered by the chancellor. Baxter McLean, while sustained by some witnesses, is impeached by others as to his general character, and also by his statements, that, on account of his hostile feelings to defendant, growing out of her refusal to give him some property, he would do all he could against her. His testimony is impressed with improbability, and but little, if any, credibility attached to his evidence. The evidence tends to show, that he could not read writing, and was incapable of distinguishing a note from any other written instrument, or of telling the name of the subscriber. The declarations of Dr. McLean, as testified by Mrs. Powe, were, that he had defendant's notes in his pocket, and that he had given her four years in which to pay for the land. This evidence does not sustain the allegations of the bill, and, if true, show it was prematurely brought. W. A. McLean, who is the brother of the decedent, is the only unimpeached witness, who testifies to having seen the notes ; and the weight of his testimony is somewhat impaired by the statement, that he saw the notes in the house in which Dr. McLean died about two weeks before his death, which was prior to the time Baxter McLean states the papers were carried there.

Omitting consideration of defendant's own testimony, and

without detailing the testimony of the other witnesses examined on her behalf, the evidence, which she introduces to establish her version of the matter, consists of proof, that the vendor received the proceeds of cotton shipped to Mobile in her name, and of other cotton having private marks, in which she claimed a joint interest; of his admissions that he was indebted to her, and had used her money to pay security debts; of his declarations during his last illness, made to Holloman, to whom he was speaking of his affairs, and to whom he expressed the wish that he would settle up his business, without mentioning conveyances and notes, that the lands were the property of defendant; and of his statements to the person who wrote the deeds, and is a subscribing witness, on two occasions, the last being about an hour before they were executed, that he had used the defendant's money at various times; that she wanted it to buy land, and not having the money, he had to let her have the lands; and the potent fact, that the conveyances were delivered, without the execution of any notes at the time.

When the conveyance recites payment of the consideration, a vendor's lien should not be enforced on vague or doubtful testimony. The proof should be of such character, that the court may satisfactorily determine the amount, as well as the fact of the unpaid purchase-money. Neither of complainant's witnesses states the amount of the notes, or any recollection thereof. The court is left to mere conjecture, or inference. While the amount of the indebtedness of the vendor to the defendant, and the items composing it, are not clearly shown, his admissions and declarations supply the deficiency, as against his personal representative. Defendant's witnesses have no interest in the case, and are apparently without feeling. There being uncertainty and conflict as to material facts, and there being disinterested witnesses who sustain the defendant's version of the transaction, especially the draftsman and subscribing witness, who was called to attest, and to whom the vendor stated his purpose in making the conveyances, too great doubt falls on the equity of complaint to justify a decree in his favor.—*Daniel v. Collins*, 57 Ala. 625.

The chancellor did not err in finding the proof insufficient to overcome the presumption of payment arising from the recitals of the conveyances.

Affirmed.