# Hillcrest Land Co. *v.* Foshee.

*Bill to Foreclose Mortgage.*

(Decided November 7, 1914. 66 South. 478.)

1. *Corporations; Mortgaging Property; Consent of Stockholders; Waiver.*—The provisions of section 3481, Code 1907, are for the benefit of the shareholders of the corporation, and may be waived by them; and an authorization by all the stockholders of a mortgage on its real property, although irregularity expressed, was a waiver of the provisions, the fact that the mortgage covered only part of its property not affecting the security of the mortgage.

2. *Same; Misapplication of Proceeds; Rights of Mortgagee.*—Where a corporation authorized to negotiate a loan for its own purposes, mortgaged its property to one who, in good faith, paid his money to it, without knowledge or notice of a previously formed design on the part of its officers to use the proceeds for the benefit of one of the stockholders, the mortgage was not ultra vires so as to deprive the mortgagee of his rights; strictly speaking, the corporate act is said to be ultra vires when it is not within the scope of the power of the corporation to perform it under any circumstances, or for any purpose.

[Hillcrest Land Co. v. Foshee.]

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Bill by Ella Downing Foshee against the Hillcrest Land Company to foreclose a mortgage. Decree for complainant and respondent appeals. Affirmed.

RUSHTON, WILLIAMS & CRENSHAW, for appellant.

STEINER, CRUM & WEIL, and CHARLES L. HAROLD, for appellee.

PER CURIAM.—Appellee filed this bill to foreclose a mortgage executed by appellant company to secure a loan of money. Appellant defended on two propositions:

1. That its mortgage deed was void for the reason that in its execution there had been a failure to comply with that part of section 3481 of the Code which provides that the real property of a corporation shall not be mortgaged except by the consent of the persons holding the larger amount in value of the capital stock of the corporation present and voting in person or by proxy at a meeting of the stockholders called for that purpose, or at a regular meeting. This provision of the statute and other similar constitutional and statutory prescriptions are made for the benefit of shareholders, and may be waived by them, and so all reason for requiring compliance with them removed.—*Nelson v. Hubbard*, 96 Ala. 238, 11 South. 428, 17 L. R. A. 375; *West Point Mining Co. v. Allen*, 143 Ala. 547, 39 South. 351, 111 Am. St. Rep. 60, 5 Ann. Cas. 532. In *Southern Bldg. & Loan Assoc. v. Casa Grande Stable Co.*, 119 Ala. 175, 24 South. 886; Id., 128 Ala. 624, 29 South. 654, upon which appellant seems to lay stress, no waiver was shown. Here the record shows the au-

thorization by all the stockholders, though irregularly expressed, of a mortgage on all the real property of appellant corporation. The point that the mortgage at issue covered a part only of appellant's property, instead of the whole, is too narrow to afford the court anything like a satisfactory instance from which to knock down appellee's security.

2. That the mortgage was ultra vires the corporation in that the loan secured by it was negotiated for the benefit of Curry, a third person, or perhaps Lassiter, one of the stockholders. Strictly speaking, a corporate act is said to be ultra vires when it is not within the scope of the power of the corporation to perform it under any circumstances or for any purpose.—*Buck Creek Lumber Co. v. Nelson,* 188 Ala. 66 South. 476. Appellant corporation had an unquestionable right to negotiate a loan for its own purposes. The transaction on its face, so far as this point is concerned, was regular and within the corporate power. On the question of fact whether appellee or her attorney had knowledge or notice of the intended conversion of the fund to alien uses, the weight and credibility of the evidence is with appellee, and the finding is that she had no such knowledge or notice. She negotiated a loan to appellant and paid her money to it. If it was afterwards misused, even though in pursuance of a previously formed design on the part of the officers of the corporation, that, in the absence of appellee's knowledge or notice of the design, was no concern of hers, and it would be utterly unconscionable in such circumstances that she should be deprived of her property without recourse against the corporation with which she dealt in good faith and, so far as she was informed, within the line and scope of its powers. No logic based upon the difference between a corporation

and its shareholders can obscure the justice of this conclusion. It is in fact a conclusion in favor of the utility of corporate powers in general, for otherwise no one could afford to deal with a corporation unless and until assured of the secret purposes of the agents through whom it must act.—*Stouffer v. Smith-Davis Hardware Co.,* 154 Ala. 301, 45 South. 621, 129 Am. St. Rep. 59.

The decree is affirmed.

Affirmed.