(81 South. 577)
DANIEL et al. v. DANIEL et al. (6 Div. 868.)

(Supreme Court of Alabama. Feb. 6, 1919. Rehearing Denied April 10, 1919.)

1. PLEADING ⬦8(11)—CONCLUSION—INTEREST IN PROPERTY.

A bill attempting to charge a defendant with fraud and wrong in procuring the deed sought to be set aside and containing nothing but the pleader's conclusion that such defendant had any interest in the property or deed is insufficient.

2. CANCELLATION OF INSTRUMENTS ⬦35(2)—SETTING ASIDE DEED TO REMAINDER—PROPER PARTIES—CLOUD ON LIFE ESTATE.

Where a mother deeded property to a son retaining a life interest, and the son deeded his remainder to another, the son's deed is not a cloud on the mother's life estate and she is not a proper party plaintiff to the son's suit to cancel his deed.

3. EQUITY ⬦427(1)—DECREE—PARTIES—MISJOINDER OF PLAINTIFFS.

All the parties joined in an equitable suit must be entitled to recover, or none can, and, if a plaintiff is not competent to sue, the only remedy of the parties plaintiff is to amend by striking out the name of the plaintiff who has no cause of action.

4. CANCELLATION OF INSTRUMENTS ⬦35(8)—SUIT TO SET ASIDE DEED—PARTIES DEFENDANT—FORMER ADJUDICATION.

In a suit to cancel a deed secured by defendant through her husband, the husband was not a proper party, where the proof showed an independent suit had been filed against him by the present plaintiffs and prosecuted to a final judgment determining that he had no interest therein.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill by D. E. Daniel and another against Minnie J. Daniel and another. Decree for plaintiffs, and defendants appeal. Decree reversed, and bill dismissed.

Ward & Weaver, of Oneonta, for appellants. G. W. Darden, of Oneonta, for appellees.

MAYFIELD, J. This bill is filed by a mother and one of her sons, against another of her sons and his wife, to cancel and annul a deed made by the complaining son to the wife of the defending son. The mother was not a party to the deed sought to be canceled, nor was the respondent son a party thereto. It does not appear that the mother has any pecuniary interest in the deed; her interest is purely affection, sentiment, and feeling. The only excuse for making her a party is that she conveyed to the complaining son, and reserved a life estate to herself.

The deed of the son sought to be set aside referred to the deed of the mother to the son, and only conveyed the interest which the son had. It was therefore not even a cloud on the mother's title, or life interest.

The record shows that a former suit had been filed by the same complainants against the other son alone, and prosecuted to a final decree adjudging that he had no interest in the land. Notwithstanding the fact that this son is not a party to the deed sought to be canceled, and notwithstanding the other suit and decree against him, he is made a party to this suit.

While there is an attempt to allege both fraud and undue influence in procuring the execution of the deed in question, and also mental incapacity on the part of the grantor, as grounds for cancellation of the deed, both the allegation and proof are wholly insufficient to warrant the relief prayed and granted.

The evidence shows that the grantor was a wild and dissipating young man, always in trouble, and frequently in jail; and that he gave his mother and older brother much trouble and concern. His trouble seems to have been dissipation in many bad habits, which involved him and his kin in much trouble. He, however, managed and conducted his own affairs, and even his mother intrusted him with the management of his own, as well as hers, and conveyed the land in question to him without any limitations upon his power of disposition. It appears that while he was dissipating to such extent an effort was made to adjudicate him to be an inebriate or of unsound mind, but the effort failed. The undisputed evidence, however, shows that he was not of unsound mind to the extent as to render his contracts or deeds void.

[1] While there is an attempt in the bill to

charge the brother with the fraud and the wrong in procuring the deed to be made to his wife, there is nothing but the conclusion of the pleader that he had any interest in the property or deed. Save these conclusions, his acts in the matter were as a mere agent for his wife, who is the grantee, and the prior decree, as we have shown, which is referred to in the bill, decreed that he had no interest legal or equitable in the subject-matter of the suit.

[2-4] The mother was an improper party to this suit. No possible relief can be or is awarded to her; none then could be awarded if she was not a party. The decree does order the deed canceled, which she very much desires. This, however, neither increases nor diminishes her legal or equitable rights; it only satisfies her wishes as to which of the two sons should prevail in a suit between them. This could and should be done in a suit between the one son and the wife of the other, who are the only parties to the deed sought to be canceled. The mother is not only an unnecessary party, but an improper party to the extent of preventing relief to her cocomplainant, if he be entitled thereto.

The rule is also recognized, in equity as at law, that all the parties who join in a suit must be entitled to recover, or none can. If any one of the plaintiffs is incompetent to sue, the only remedy of the parties plaintiff in such case is to amend by striking out the name of the one who had no cause of action. McLeod v. McLeod, 73 Ala. 45; Taylor v. Robinson, 69 Ala. 269; Hutton v. Williams, 60 Ala. 107; James v. James, 55 Ala. 533; Hardeman v. Sims, 3 Ala. 747.

It may be that the strictness of the rule in some of these cases has been changed by statutes since the decisions in these cases, but not to the extent of allowing the joinder of a party complainant who shows no right to relief as in this case, when the objection is taken by demurrer.

There was no more reason for joining the mother as a party complainant, than any other members of the family or friends, who might sympathize with one of the brothers, and who were opposed to the sale and conveyance. Neither the grantor nor grantee could disturb her possession or rights to the land. She had voluntarily conveyed away the reversion by an absolute deed, thereby arming the grantee with the right to sell and convey his reversionary interest, which he did. So far as she is concerned, legally or financially, he could give it away to his brother or his sister-in-law.

If the deed of the son to his sister-in-law had attempted to convey any interest of the mother's, she would be a proper party; but it does not. The deed in question did not purport to convey any interest except that of the son, which was a remainder only after the death of the mother. It even referred to her deed, which reserved the life estate. So, the deed sought to be canceled did not and could not interfere with the rights of the mother, the life tenant. Neither the averments nor the proof, other than the conclusions of the pleader, showed any relief that could be awarded to the mother.

If this had been the original suit against the husband of the grantee, it may be that he would have been a proper party defendant to the bill, as all the wife's title and interest was acquired through him, or, if any fraud or undue influence intervened, he was the person who perpetrated and executed it. But the bill and proof showed an independent suit had been filed against him, and prosecuted to final judgment. Surely all the relief could or should have been obtained against him in that suit which could be obtained against him in this suit.

The first bill was by the same complainants against the same parties, and as to the same subject-matter, and sought the same relief; all of which appeared by this bill and the proof. He therefore ought not to have been made a party to this suit.

While, as before stated, the theory of the bill was that the deed sought to be canceled is a cloud on the mother's title, the bill and proof show that the deed is not at all a cloud on her title. It does not purport to pass any title or interest of hers, but only that of the grantor, to whom the mother had conveyed. It recognized the mother's life estate, which is all she claims.

It therefore appears that the demurrer should have been sustained as for misjoinder of both complainants and respondents, and that the proof fails to show complainants to be entitled to any relief prayed; and hence the decree is reversed and one here rendered dismissing the bill—but without prejudice of any right which Barnett Daniel may have against Minnie Daniel, to enforce a vendor's lien, if such he may have.

We do not by this opinion intimate any opinion as to the merits of such suit, if such be brought. We merely desire to guard this decree and decision against being considered as an adjudication of the rights of the vendor in any action for the purchase price.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.