(108 So. 42)

**DANIEL v. DANIEL.** (6 Div. 504.)

(Supreme Court of Alabama. April 8, 1926.)

**1. Vendor and purchaser ⬤⟹281(3).**

In suit to enforce vendor's lien, recitals in deed of full payment of purchase money with acknowledgment of receipt thereof are prima facie evidence of payment.

**2. Vendor and purchaser ⬤⟹281(1)—Grantor suing to enforce vendor's lien must prove nonpayment, where deed recites full payment of purchase money, with acknowledgment of receipt thereof.**

Where deed recites full payment of purchase money, with acknowledgment of receipt thereof, burden is on grantor to meet such prima facie case of payment by evidence which reasonably establishes fact of nonpayment.

**3. Vendor and purchaser ⬤⟹254(2)—Acknowledgment of payment of purchase money in deed does not, without more, evidence waiver of lien, where money is not in fact paid.**

If purchase money be not in fact paid, acknowledgment of payment in deed does not, without more, evidence a waiver of vendor's lien.

**4. Vendor and purchaser ⬤⟹251.**

When purchase money is shown to be unpaid, vendor's lien arises unless evidence discloses purpose to exclude it.

**5. Vendor and purchaser ⬤⟹254(5)—Rule that acknowledgment of payment in deed without more does not evidence waiver of lien, if money is not paid, obtains where purchaser causes deed to be made to third person or husband to wife, provided grantee has notice of equity or is mere volunteer.**

Rule that, if purchase money is not paid, acknowledgment of payment in deed does not, without more, evidence waiver of vendor's lien, obtains, where purchaser causes deed to be made to a third person, or a husband causes it to be made to his wife, provided grantee in deed has notice of the equity, or is a mere volunteer.

**6. Vendor and purchaser ⬤⟹266(1).**

Lien for purchase money may be waived by vendor.

**7. Vendor and purchaser ⬤⟹281(2)—Recital of payment in full in deed may be considered to show vendor's actual intent to look to personal responsibility of grantee and not to the land.**

While recital of payment in deed in full is not within itself sufficient to show waiver of

---

vendor's lien, it may be considered with other evidence to show an actual intent to look to personal responsibility and not to the land.

**8. Vendor and purchaser** ☞281(2)—**Failure of vendor to take note or other evidence of debt may be considered to show actual intent to look to personal responsibility of grantee and not to the land.**

Failure of vendor to take note or other evidence of the debt may be considered with other evidence to show an actual intent to look to personal responsibility of grantee and not to the land.

**9. Estoppel** ☞63.

Equity will not raise a lien in favor of one who has participated in raising an opposing equity of equal dignity in favor of another.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by Barnett Daniel against Minnie Daniel. From a decree denying relief, complainant appeals. Reversed and remanded.

M. L. Ward, of Birmingham, for appellant.

Counsel argue for error in the decree, but without citing authorities.

Matthews & Morrow, of Birmingham, for appellee.

The recital of payment in a deed constitutes prima facie evidence, and may be overcome only by clear, satisfactory, and convincing evidence. Kelly v. Karsner, 2 So. 164, 81 Ala. 500; Jenkins v. Mathews, 2 So. 518, 80 Ala. 486; 39 Cyc. 1870. Equity aids the vigilant, and stale claims are not countenanced, unless good and sufficient reasons are assigned for complainant's dereliction. 21 C. J. 193; 10 R. C. L. 395.

BOULDIN, J. The bill is to enforce a vendor's lien upon lands. The issue here presented is payment.

In 1899 Mrs. D. E. Daniel conveyed the tract of land to her son, Barnett Daniel, reserving its use and enjoyment during her life. Barnett was then a mere lad. On his arrival of age, in 1911, W. J. Daniel, his brother, 16 years older, purchased Barnett's title and interest. The deed was executed to Minnie Daniel, wife of W. J. Daniel, reciting the consideration of $1,000 paid by her, receipt acknowledged.

Some years thereafter Barnett and his mother joined in a bill to cancel the deed for fraud, undue influence, and mental incapacity. The suit failed, the decree of this court being without prejudice to any right which Barnett Daniel might have to enforce a vendor's lien as against Minnie Daniel. Daniel v. Daniel, 81 So. 577, 202 Ala. 635. That case was decided in 1919, and the present bill filed in 1922.

[1, 2] Recitals in a deed of full payment of the purchase money, with acknowledgment of receipt thereof, are prima facie evidence of payment. The effect is to incorporate in the deed a receipt for the purchase money. The burden is on the grantor to meet this prima facie case by evidence which reasonably establishes the fact of nonpayment, notwithstanding the express declaration of the parties in the deed. Jenkins v. Mathews, 2 So. 518, 80 Ala. 486.

[3, 4] But, if the purchase money be not in fact paid, the acknowledgment of payment in the deed does not, without more, evidence a waiver of the lien. The lien is raised in equity without the aid of an agreement. It rests upon natural justice. When the purchase money is shown to be unpaid, the lien arises unless the evidence discloses a purpose to exclude it. Cook v. Atkins, 56 So. 224, 175 Ala. 366; Kelly v. Karsner, 2 So. 164, 81 Ala. 500.

[5] The same rule obtains where the purchaser causes the deed to be made to a third person, or a husband causes it to be made to his wife, provided the grantee in the deed has notice of the equity, or is a mere volunteer. Pylant v. Reeves, 53 Ala. 132, 25 Am. Rep. 605; Crampton v. Prince, 3 So. 519, 83 Ala. 246, 3 Am. St. Rep. 718; Moore v. Worthy, 56 Ala. 163.

[6–9] The lien may be waived by the vendor. While the recital of payment in full is not within itself sufficient to show waiver, it may be a circumstance to be considered with other evidence to show an actual intent to look to personal responsibility and not to the land. Taking no note or other evidence of the debt in such case is a further circumstance to be considered on that issue, as well as the issue of payment. Again equity will not raise a lien in favor of one who has participated in raising an opposing equity of equal dignity in favor of another. This is under the doctrine of equitable estoppel.

Thus, if the wife furnishes money to pay for land in whole or in part, and a deed is made to her reciting payment in full, the vendor informing her it is paid for in full, and she accepts the deed on the faith of such statements, there is no lien as against her, although by some arrangement between the husband and the vendor the money did not actually pass to the vendor.

A careful study of the evidence in this record leads us to the conclusion that the purchase money was not paid in full. A discussion of all the phases of the evidence leading to that conclusion would be a prolonged one, without corresponding good, and involve matters which the parties should have the opportunity to live down, if they will. Our conclusion necessitates the reversal of the decree. There is some testimony tending to support waiver or estoppel. The state of pleading as well as the evidence does

not enable us to render the cause with assurance of justice to the parties. The case is therefore remanded, with the privilege of amending pleadings and taking further proof as the parties may be advised.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.