173 So. 495

**BOGER et al. v. JONES COTTON CO.**

**8 Div. 748.**

Supreme Court of Alabama.

March 11, 1937.

Rehearing Denied April 15, 1937.

Wert & Hutson and S. A. Lynne, all of Decatur, for appellants.

Harris & Harris and Eyster & Eyster, all of Decatur, for appellee.

BOULDIN, Justice.

■ Among the grounds of demurrer to the bill as amended was misjoinder of parties complainant. The decree sustained the demurrer generally, making no reference to specific grounds. If there was a misjoinder, the decree is due to be affirmed.

■ The objection goes to the entire bill, and should be sustained notwithstanding the bill has equity in favor of the proper party complainant. In such case the decree is referred to the good ground of demurrer. Daniel et al. v. Daniel et al., 202 Ala. 635, 81 So. 577; Id., 214 Ala. 406, 108 So. 42.

The bill was filed by W. A. Boger, as trustee in bankruptcy of the Alabama Cotton & Grain Company, a corporation, bankrupt, against Jones Cotton Company, to set aside a mortgage given by the bankrupt covering all its real estate, and subject the property to the claims of creditors of the bankrupt.

The bill assailed the mortgage on several grounds, which we may briefly catalogue as follows:

(1) Illegality of consideration, viz., to secure the mortgagee for future advances to the mortgagor in furtherance of a joint adventure in gambling transactions, speculating in cotton futures.

(2) Fraudulent purpose to put the property out of reach of, hinder, and delay the creditors of the mortgagor.

(3) Voluntary, simulated consideration, void as against existing creditors.

(4) Mortgage debt paid, but retained to cover fictitious losses.

(5) Conveyed practically all the debtor's property as security for preexisting debt and, therefore, a general assignment to be enforced in favor of all creditors.

(6) Not lawfully executed under statutes governing mortgages of real estate by corporations, Code § 7015, subd. (3); or disposing of entire property, Code, § 7036.

By amendment, R. L. Murphy, one of the stockholders of the mortgagor corporation, was made a party complainant. Was this a misjoinder?

■ Dealing with ground No. 6 above, these statutes admittedly are for the protection of the stockholder; a trustee in bankruptcy cannot assail the mortgage for noncompliance with these provisions. Nelson v. Hubbard, 96 Ala. 238, 11 So. 428, 17 L.R.A. 375; Hillcrest Land Co. v. Foshee, 189 Ala. 217, 66 So. 478; Stuart v. Holt et al., 198 Ala. 73, 73 So. 390.

■ We may observe here that section 7036, as amended by act of 1923, was not intended to repeal or modify section 7015, subd. (3), although the mortgage cover all the property of the corporation. The two sections have separate fields of operation. Forsyth v. Alabama City, G. & A. Ry. Co. et al., 207 Ala. 488, 93 So. 401.

■■ A stockholder cannot be brought in as co-complainant to avoid a mortgage on behalf of the trustee, thus doing indirectly in equity what cannot be done directly. A proper party must have an interest in the subject-matter, or some part of it.

■ On adjudication of bankruptcy and appointment of a trustee, title to all the bankrupt's property vests in the trustee by operation of law. The beneficiaries are the creditors of the bankrupt. 7 C.J. 114; Bankruptcy Act, § 70a (5), and section 47a (2), as amended (11 U.S.C.A. §§ 110 (a) (5), 75 (a) (2); Bailey, Trustee, etc., v. Baker Ice Machine Company, 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275; Kibbe v. Scholes et al., 219 Ala. 571, 123 So. 61; Hill v. Huckaba, 210 Ala. 262, 97 So. 816.

If the mortgage be vacated on any of the grounds set up in the bill, all the common creditors of the bankrupt will have preference over any claim of stockholders to the assets of the corporation in bankruptcy. If set aside because fraudulent and void as to a particular class of creditors, this may affect the priorities between creditors. But whether on such ground, or because of illegality, and therefore void as to all creditors alike, the whole estate of the bankrupt in the property goes to its creditors.

Appellants seem to assert an interest in the stockholder because of some contingent interest in a residue in the hands of the trustee after creditors are satisfied, maybe by failure to prove their claims in bankruptcy, etc.

■ Passing over any question of dissolution of the corporation, and distribution of its assets among stockholders in course of bankruptcy proceedings, as affecting the right of the stockholder instead of the corporation to claim such residue, if any, it is sufficient to say the

106

adjudication of the bankruptcy of the corporation, its insolvency, prima facie negatives any such interest in the stockholder as to render him a proper party complainant in a bill of this sort.

The bill lists the provable claims against the bankrupt, also lists claims proven in bankruptcy at the time the bill was filed. These allegations were to disclose the occasion for the trustee to file the bill under its several aspects. These averments disclose no probable residue reverting to the corporation or its stockholders. No other averments do so.

Indeed, the amendment bringing in a stockholder seems, in view of prior rulings, to have been for the purpose of having a party who could attack the regularity of the statutory authorization of the mortgage in the interest of the trustee, who could not do so himself.

There is no occasion to consider the grounds of demurrer challenging the sufficiency of the allegations even in a stockholders suit to vacate a mortgage for noncompliance with the aforementioned statutes. Neither shall we here consider the several grounds of demurrer directed to the sufficiency of the bill by the trustee under its several alternatives or aspects. The decree before us discloses no affirmative ruling of the court below on these matters. For aught appearing the ruling was based on misjoinder.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.