Nancy M. DEBEVOISE, Appellant,

v.

Kenneth BACK et al., Appellees.

No. 9751.

District of Columbia Court of Appeals

Argued Feb. 3, 1976.

Decided June 23, 1976.

Peter A. Noterman, Washington, D.C., with whom Neil J. Cohen, Washington, D. C., was on the brief, for appellant.

Dennis M. McHugh, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, Washington, D.C., at the time the brief was filed, Louis P. Robbins, Principal Asst. Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellees.

Robert M. Brandon filed a brief on behalf of the Tax Reform Research Group and Jonathan Rowe as *amici curiae*.

Before REILLY, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This appeal is from an order of the Superior Court dismissing plaintiff-appellant's amended complaint in a taxpayers' action.[1] Appellant contends that the trial court erred in dismissing the complaint due to (1) lack of standing to sue; (2) lack of jurisdiction of the Superior Court to entertain a suit in the nature of mandamus where the relevant statutes did not set forth the duties sought to be compelled; (3) a statutory prohibition in the "State Taxation of Depositories Act", Pub.L. No. 93–100, § 7, 87 Stat. 342, ¶ 7(c), forbidding the taxation sought for just over a two-year period; and (4) the failure to detail specific instances of defendants' alleged noncompliance with their statutory duties. The order of dismissal is affirmed.

Appellant brought this suit as a taxpayer seeking relief in the nature of mandamus to compel the District of Columbia Director of the Department of Finance and Revenue and the Mayor to collect taxes from suburban banks on bank credit card business conducted in the District of Columbia, and from large multistate corporations that have not filed or paid taxes on business done within the District. Appellant is a resident of the District of Columbia. She asserts that she has a direct interest in the failure of defendants to collect taxes allegedly owed by suburban banks and foreign corporations because if such taxes had been collected her tax bill could have been reduced in past years and might be reduced in the future. In addition, she alleges that if such taxes were collected she might receive more and better municipal services.

To support the proposition that she has standing, appellant relies on *Frothingham v. Mellon*, 262 U.S. 447, 486, 43 S.Ct. 597, 67 L.Ed. 1078 (1923),[2] and *Crampton v. Zabriskie*, 101 U.S. 601, 25 L.Ed. 1070 (1880). Both of these cases are distin-

guishable from the instant situation, and neither decision gives appellant standing. Both cases merely hold that a taxpayer may sue a municipal corporation to enjoin the misuse or misappropriation of funds such corporation derives from taxes paid by such local taxpayers. There was no misuse of funds collected from taxpayers in the instant case. Rather, appellant is seeking to have the court order certain discovery and audit procedures to compel the assessment and collection of taxes by the District government.

 Appellant also relies on *United States v. Richardson*, 418 U.S. 166, 94 S. Ct. 2940, 41 L.Ed.2d 678 (1974), and *Schlesinger v. Reservists to Stop the War*, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). Both of these cases require a taxpayer to show a "logical nexus" between the taxpayer status and a right to the relief for which the taxpayer is suing. Where no misuse of public funds is alleged, the suing taxpayer must show some direct interest in the outcome of the lawsuit which would distinguish this plaintiff from all other taxpayers generally. *Frothingham v. Mellon, supra*. Appellant has only suggested that her tax bills might be reduced or her municipal services improved if appellees were required to proceed in the manner requested by her. This allegation is not sufficient to satisfy the nexus requirement, a prerequisite serving the purpose of avoiding direct judicial intervention into the political issues of revenue collection and services. Those general political problems are wisely left to legislative and executive response to the electorate.

 The trial court was also correct in dismissing appellant's complaint because mandamus is not the proper remedy where there is no allegation of specific instances where appellees have failed to assess and collect taxes. An application for manda-

---

1. Of the two plaintiffs, only Debevoise appeals.

2. Consolidated for argument and opinion with *Massachusetts v. Mellon*, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923).

mus should set forth a specific instance in which the governmental officials have failed to carry forth their ministerial duties so that a court can properly order those individuals to do so. *Wilbur v. United States ex rel. Kadrie,* 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809 (1930); *Prairie Band of Pottawatomie Tribe of Indians v. Udall,* 355 F.2d 364 (10th Cir. 1966). Appellant alleges that appellees have inadequate procedures to discover, audit, assess, and collect gross sales taxes. She has failed to allege facts that would support this contention. Moreover, appellant relies on D.C.Code 1973, §§ 47–2601, –2701, and –1201 as setting forth the duties appellant would have the court compel appellees to perform. None of those statutes sets forth any specific procedures for discovery, audit, assessment or collection of the taxes appellant alleges appellees have failed to collect. Mandamus is inappropriate. *See Elmo Division of Drive-X Co. v. Dixon,* 121 U.S.App.D.C. 113, 117, 348 F.2d 342, 346 (1965).

Appellant alleges that out-of-state banks are subject to taxation by the District of Columbia for the period before and after the "State Taxation of Depositories Act."[3] This statute was enacted on August 16, 1973, to permit a study of state taxation of banks. For a period of slightly more than two years (August 16, 1973 to December 31, 1975) no state could impose a tax measured by the income on any insured bank not having its principal office within that state. Clearly, none of the banks named in appellant's amended complaint would be subject to taxation on any business they might have done in the District of Columbia during this period. Appellant would have the court require appellees to assess the taxes she alleges are owing from those banks except for this period. In view of our determination that appellant does not have standing and that the trial court did not have jurisdiction to hear a mandamus

action where the statutes relied on did not set forth the duties to be compelled, it is unnecessary for us to reach this point.

Accordingly, the order of dismissal is

*Affirmed.*

---

3. Pub.L.No.93–100, § 7, 87 Stat. 342, ¶ 7(c).