Rebecca Doremus, an Alabama taxpayer seeking to represent other Alabama taxpayers, appeals from the trial court's dismissal of her complaint. The trial court, holding that Doremus had no standing to bring this action, granted the defendants' motion to dismiss. We agree with that holding and, thus, we affirm.
Doremus filed a complaint entitled "Original Class Action Complaint and, in the Alternative, Petition for Writ of Mandamus," purportedly on behalf of all the citizens of the State of Alabama who benefit from the State general fund and/or the State special education trust fund. The complaint named as defendants the Business Council of Alabama Workers' Compensation Self-Insurers Fund (the "BCA Fund") and all other similarly situated workers' compensation self-insurer funds; Jeff Sessions, as attorney general for the State of Alabama; and Michael DeBellis, as the commissioner of the Alabama Department of Insurance. Doremus's complaint alleged that the BCA fund and other similar funds are "domestic insurers" that, she says, *Page 253 
were required to have paid to the State a 1% tax on premiums received before January 1, 1995,[1] but that the State has failed to collect that tax. Doremus sought for herself and other members of her class an amount of money equal to 1% of the gross premiums charged to Alabama businesses by the BCA Fund and other similar funds in relation to workers' compensation insurance for the 5 years preceding January 1, 1995.
Although Doremus's complaint raised the issue whether the BCA Fund and other workers' compensation self-insurer funds organized under Ala. Code 1975, § 25-5-9, are, within the meaning of § 27-4-5, "domestic insurers" that owe taxes to the State, we cannot address that issue because Doremus is not a proper party to bring this action. In other words, Doremus has no standing to bring this lawsuit.
Standing, like jurisdiction, is necessary for any valid legal action. To say that a person has standing is to say that that person is a proper party to bring the action. To be a proper party, the person must have a real, tangible legal interest in the subject matter of the lawsuit. Eagerton v. Williams,433 So.2d 436 (Ala. 1983); Brown Mech. Contractors, Inc. v.Centennial Ins. Co., 431 So.2d 932 (Ala. 1983); Bagley v. Cityof Mobile, 352 So.2d 1115 (Ala. 1977); Boger v. Jones CottonCo., 234 Ala. 103, 173 So. 495 (1937); Stewart v. White,128 Ala. 202, 30 So. 526 (1901).
While it is firmly established that an Alabama taxpayer has standing to bring an action against the State challenging expenditures of State funds, Hunt v. Windom, 604 So.2d 395
(Ala. 1992); Zeigler v. Baker, 344 So.2d 761 (Ala. 1977), it is also established that an Alabama taxpayer, such as Doremus, has no standing to bring a lawsuit against the State and another Alabama taxpayer seeking the collection of State taxes allegedly owed by the other taxpayer, even though the State fails to act. The exclusive power and authority to sue for collection of State taxes lies with the State. Powers v. UnitedStates Fid. Guar. Co., 236 Ala. 389, 182 So. 758 (1938);State v. Colonial Refrigerated Transportation, Inc., 48 Ala. App. 46, 261 So.2d 767 (1971).[2] In Powers, this Court stated the following regarding a taxpayer's action, brought on behalf of the plaintiff and all other Alabama taxpayers, seeking to collect money allegedly owed to the State by the surety on a bond:
 "While we have held that a taxpayer's suit to enjoin State officers is available under certain conditions, we do not think that the right to sue in equity to exact payment of a debt due the State is subject to the same principles which sustain a suit for city funds. . . .
". . . .
 "We do not think, however, that a citizen and taxpayer has the legal and constitutional right to assume the burden or privilege of enforcing an obligation due to the corporate State, and for its benefit."
236 Ala. at 392-93, 182 So. at 761 (emphasis added).[3]
Accordingly, only the State, through its attorney general or other proper representative, has standing to sue to collect taxes allegedly owed to the State. Because the State did not bring this action, we cannot rule on the issue whether workers' compensation self-insurer funds are domestic insurers required by § 27-4-5 to pay a premium tax to the State. *Page 254 
The law set out in Powers and Zeigler, and their progeny is that a taxpayer has a tangible legal interest in money that has already become property of the State, but no such interest in money that is the property of another taxpayer, although the money is allegedly owed to the State. Thus, whether Doremus's filing was intended as a complaint commencing a civil action or as a petition for a writ of mandamus, she lacks standing to sue to recover money she alleges is owed to the State. We affirm the trial court's judgment dismissing her complaint.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
[1] Doremus relies on Ala. Code 1975, § 27-4-5. That section was repealed effective January 1, 1995.
[2] Other jurisdictions that have answered this question have ruled similarly. See Debevoise v. Back, 359 A.2d 279 (D.C.App. 1976); People ex rel. Morse v. Chambliss, 399 Ill. 151,77 N.E.2d 191 (1948); Stietenroth v. Monaghan, 237 Miss. 305,114 So.2d 754 (1959).
[3] Doremus argues that Zeigler v. Baker, 344 So.2d 761 (Ala. 1977), by allowing a taxpayer action against the State, implicitly overruled Powers. However, the holding in Zeigler, which allowed a taxpayer action to enjoin the payment of State funds as a pension to former governors, does not contradictPowers. Powers also recognized that a taxpayer could sue the State to "enjoin the payment of State funds when it is proposed to pay them on an unconstitutional act." 236 Ala. at 391,182 So. at 759. Thus, Zeigler recognized the same right of a taxpayer to sue the State that was already recognized inPowers.