Edwin A. Henson appeals from the trial court's dismissal of his action against HealthSouth Medical Center, Inc. ("HealthSouth"), the Industrial Development Board of the City of Birmingham ("the Board"), and the City of Birmingham.[1] We reverse and remand.
HealthSouth, a Delaware corporation, owns and operates hospitals in Alabama; several of these hospitals are in Birmingham. In 2001, HealthSouth proposed to close one of its Birmingham hospitals and construct a new hospital at another location in the City. HealthSouth applied to the Board for a tax abatement pursuant to the Tax Incentive Reform Act of 1992, §40-9B-1 et seq., Ala. Code 1975 ("TIRA"). The Board granted HealthSouth a tax abatement the total value of which was $30,390,000.
Henson, a taxpayer, sued HealthSouth, the Board, and the City of Birmingham, alleging that the tax abatement had been wrongly granted and requesting that the tax abatement be declared void. HealthSouth *Page 865 
filed a motion to dismiss Henson's action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Ala.R.Civ.P. The Board and the City joined in the motion, arguing that Henson did not have standing as a taxpayer to challenge the tax abatement. The trial court granted the motions and dismissed Henson's action against HealthSouth, the Board, and the City. The trial court, citing as authority Doremus v. Business Council ofAlabama Workers' Compensation Self-Insurers Fund, 686 So.2d 252
(Ala. 1996), reasoned that although a taxpayer has the right to challenge an expenditure of State funds as unconstitutional, a taxpayer cannot sue the State and another taxpayer to collect taxes the other taxpayer allegedly owes the State. Henson appeals.
On appeal, Henson argues that he has standing as a taxpayer because, he says, 1) he has the right to contest the expenditure of public funds; and 2) if the tax abatement is allowed to stand no other agency will be able to replenish the State treasury with the amount represented by the abatement.
I. Standard of Review
Henson asks us to review the dismissal of an action pursuant to Rule 12(b)(6), Ala.R.Civ.P., for the failure to state a claim. The appellate standard of review on a ruling on a motion to dismiss is whether, "when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief." Nance v. Matthews, 622 So.2d 297, 299
(Ala. 1993); Raley v. Citibanc of Alabama/Andalusia,474 So.2d 640, 641 (Ala. 1985). Furthermore, the United States Supreme Court, dealing with standing at the pleading stage, has stated:
 "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we `presum[e] that general allegations embrace those specific facts that are necessary to support the claim.' [Lujan v.] National Wildlife Federation, [497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)]. In response to a summary judgment motion, however, the plaintiff can no longer rest on such `mere allegations,' but must `set forth' by affidavit or other evidence `specific facts,' Fed. Rule Civ.Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true. And at the final stage, those facts (if controverted) must be `supported adequately by the evidence adduced at trial.' Gladstone [Realtors v. Village of Bellwood], [441 U.S. 91, 115 n. 31, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979)]."
Lujan v. Defenders of Wildlife, 504 U.S. 555, 561,112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Although Lujan, which interprets the Federal Rules of Civil Procedure, is not binding upon this Court because this proceeding is governed by the Alabama Rules of Civil Procedure, the opinion of the United States Supreme Court is highly persuasive on the issue whether Henson's pleadings set forth allegations sufficient to survive a motion to dismiss pursuant to Rule 12(b)(6). See Ex parte Full Circle Distrib.,L.L.C., 883 So.2d 638 (Ala. 2003) ("Because the Federal Rules of Civil Procedure were used as a model for Alabama's procedural rules, these `federal decisions are highly persuasive when we are called upon to construe the Alabama Rules.' City of Birminghamv. City of Fairfield, 396 So.2d 692, 696 (Ala. 1981) (citingAssured Investors Life Ins. Co. v. National Union Assocs.,362 So.2d 228 (Ala. 1978))."). *Page 866 
II. Whether the Doremus rule, rejecting standing when onetaxpayer seeks to compel another taxpayer to pay taxes that thetaxing authority has not collected, applies to this proceeding.
In Zeigler v. Baker, 344 So.2d 761, 763-64 (Ala. 1977), this Court addressed the issue of taxpayer standing:
 "In a long line of decisions this Court has recognized the right of a taxpayer to challenge either as unconstitutional or as not conforming to statute, the expenditure of public funds by county officers. Court of County Revenues v. Richardson, 252 Ala. 403, 41 So.2d 749 (1949); Poyner v. Whiddon, 234 Ala. 168, 174 So. 507 (1937); Thompson v. Chilton County, 236 Ala. 142, 181 So. 701 (1938); Travis v. First Nat. Bank of Evergreen, 210 Ala. 620, 98 So. 890 (1924); Reynolds v. Collier, 204 Ala. 38, 85 So. 465 (1920). The right of a taxpayer to challenge the unlawful disbursement of state funds likewise is unquestioned. Goode v. Tyler, 237 Ala. 106, 186 So. 129 (1939) . . .; Hall v. Blan, 227 Ala. 64, 148 So. 601 (1933); Turnipseed v. Blan, 226 Ala. 549, 148 So. 116 (1933)."
(Emphasis on word "state" original; other emphasis added.) Henson contends that the effect of granting a tax abatement is the same as expending public funds; therefore, he argues, he should have standing to contest the granting of the tax abatement. HealthSouth argues that a tax abatement does not qualify as an expenditure of State funds. The trial court dismissed the action because, in its opinion, Henson's action was an attempt by one taxpayer to collect state taxes from another taxpayer — HealthSouth. Henson argues that this case is not analogous to those cases in which this Court has refused to recognize standing of one taxpayer to bring an action against the State and another taxpayer seeking the collection of State taxes allegedly owed by the other taxpayer, even though the State fails to act. SeeDoremus, 686 So.2d at 253.
In Doremus, this Court noted that "Doremus's complaint alleged that the [Business Council of Alabama Workers' Compensation Self-Insurers Fund (the `BCA Fund')] and other similar funds are `domestic insurers' that, she says, were required to have paid to the State a 1% tax on premiums received before January 1, 1995, but that the State failed to collect that tax." 686 So.2d at 252-53 (footnote omitted). The plaintiff inDoremus unsuccessfully sought to collect taxes allegedly owed the State by another taxpayer. Doremus would be persuasive authority if the facts here involved a claim by one taxpayer against another taxpayer as to whom the plaintiff claimed that the taxing authority was refusing to enforce clearly applicable tax laws. Put another way, Henson is not arguing that HealthSouth owes outstanding taxes that the State refuses to collect. Such facts are not present in this case because the tax abatement authorized by TIRA excuses HealthSouth from liability for the taxes abated. Instead, Henson argues that HealthSouth has been granted an unlawful tax abatement and is seeking to have the abatement declared invalid.
 "Here, [Henson] does not seek to collect taxes owed by another taxpayer. [Henson] is seeking only a declaratory judgment that the tax abatement granted by [t]he Industrial Development Board to HealthSouth is not authorized by TIRA. If [Henson] is successful, the State, Jefferson County, and the City of Birmingham will doubtless endeavor to collect the taxes unlawfully abated by the Industrial Development Board. [Henson] cannot sue to collect these taxes. But [Henson] has standing to challenge the unlawful abatement of these taxes because [Henson], as a taxpayer, *Page 867 
is liable to replenish the public treasury for the taxes unlawfully abated by the Industrial Development Board. . . ."
Henson's Brief, pp. 22-23. Therefore, we reject HealthSouth's argument that Doremus requires the dismissal of this action.
III. Whether Henson has standing to challenge the taxabatement on the basis that the attorney general and other Stateofficials lack the power to do so.
 Henson also argues that he has standing to challenge the tax abatement because neither the attorney general nor the Department of Revenue has the authority to challenge it. He cites Zeigler, in which this Court, relying on a Florida Supreme Court case, held that a taxpayer had standing to contest the constitutionality of an act when several public officials were charged with defending the act and therefore could not challenge it. 344 So.2d at 764. This Court reasoned that if the taxpayer did not bring the action contesting the constitutionality of the act, then no one else would be able to do so, considering the number of public officials who were affected by the act: "`If a taxpayer does not launch an assault, it is not likely that there will be an attack from any other source, because the agency involved is usually in accord with the expenditure. There may be instances in which the affected public official might pursue the matter. The Attorney General would be an appropriate officer to bring such a suit, but in some instances this is not done and it is in such cases that it is only the taxpayer's attack which preserves the public treasure.'"
Zeigler, 344 So.2d at 764 (quoting Department of Admin. v.Horne, 269 So.2d 659, 660 (Fla. 1972)). We note that subsequent Florida cases have emphasized that the rule dispensing with the need for a showing of injury to the taxpayer when other authorities do not take action is limited to cases involving constitutional challenges, as was the case in Horne. See,e.g., North Broward Hosp. Dist. v. Fornes, 476 So.2d 154,155-56 (Fla. 1985); Department of Revenue v. Markham,396 So.2d 1120 (Fla. 1981). Because Henson's claims are not based on any constitutional challenge, we decline to recognize standing based upon the alleged lack of authority of public officials to challenge the tax abatement.
IV. Whether a taxpayer has standing to challenge the validity ofa tax abatement conferred upon another taxpayer.
The question whether a taxpayer has standing to challenge a tax abatement conferred upon another taxpayer has not been heretofore resolved in this State. Standing under such circumstance was recognized in American-Republican, Inc. v. City of Waterbury,183 Conn. 523, 526-28, 441 A.2d 23 (1981), in which the purchase of certain real estate by the City of Waterbury for the purpose of constructing public housing for the elderly removed the property from the municipal tax list; the taxpayer was able to show a probable increase in his tax burden from the challenged activity. Subsequently in Sadloski v. Town of Manchester,235 Conn. 637, 668 A.2d 1314 (1995), the Connecticut Supreme Court held that the provision of a property-tax abatement to developers by the Town of Manchester did not automatically confer standing on a taxpayer to challenge the abatement; the court held that relevant comparison for purposes of inferring probable taxpayer injury was the net economic benefit to the town with the development project, on the one hand, and the tax revenue of the town without the project, on the other. The Sadloski court distinguished American-Republican, Inc. on the ground that the trial court found that the City of Waterbury's actions in *Page 868 American-Republican would cause an actual loss of tax revenue.
In Sommer v. City of St. Louis, 631 S.W.2d 676 (Mo.Ct.App. 1982), the court, reviewing a final judgment in a declaratory-judgment proceeding, held:
 "For the purposes of an analysis of standing, we think that a granting of tax abatement does not differ significantly from an expenditure of public funds, since in either case the conduct complained of could result in the treasury's containing less money than it ought to. Therefore, applying the rule enunciated in Collins [v. Vernon, 512 S.W.2d 470, 473 (Mo.Ct.App. 1974)], when a plaintiff alleges in his petition that a city's tax abatement power has been exercised unconstitutionally, we look to see whether a loss of revenue to the city `arises as a necessary conclusion from facts stated in the petition' in order to determine whether this plaintiff has alleged an injury giving him standing to sue."
631 S.W.2d at 680 (emphasis added). In Collins v. Vernon,512 S.W.2d 470 (Mo.Ct.App. 1974), the Missouri court recognized standing where the taxpayer could show that the challenged activity would result in an increased tax burden to replenish public funds. Nevertheless, standing was rejected in Sommer
because the court concluded that a net loss of revenue to the City of St. Louis was only a possible result of the challenged activity, not a necessary result. We find the foregoing authorities persuasive. We therefore hold that a taxpayer has standing to challenge a tax abatement conferred upon another taxpayer comparable to the previously recognized standing to challenge the expenditure of public funds so long as the taxpayer can demonstrate a probable increase in his tax burden from the challenged activity.
Applying the foregoing principle to this case, we note that it is before this Court at a much earlier stage of the proceedings than was the case in Sommer. Here, the trial court has granted HealthSouth's motion to dismiss for failure to state a claim upon which relief can be granted.
Henson's complaint alleges:
 "(iv) The prosecution of this action by [Henson] and the relief granted by the Court [will] provide a substantial profit to the general public, including citizens of Birmingham and Jefferson County."
Although Henson's allegations do not contain specific details of how he will be injured by the allegedly unlawful tax abatement, "we `presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" Lujan v.Defenders of Wildlife, 504 U.S. at 561, 112 S.Ct. 2130 (quotingLujan v. National Wildlife Fed'n, 497 U.S. 871, 889,110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). As this Court held in Nance v.Matthews, supra, a motion to dismiss for failure to state a claim should be denied "when the allegations of the complaint are viewed most strongly in the pleader's favor, [and] it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief."[2] 622 So.2d at 299. The question whether Henson can withstand a properly supported motion for a summary judgment by presenting substantial evidence showing the probability of a loss of tax revenue that will outweigh the benefits of the abatement and translate *Page 869 
into a probable net increase in his taxes is not before us.
V. Conclusion
The trial court erred in dismissing Henson's action for failure to state a claim upon which relief can be granted. The judgment of the trial court is hereby reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, BROWN, JOHNSTONE, and WOODALL, JJ., concur.
[1] Although HealthSouth, the Board, and the City of Birmingham are listed on the notice of appeal as appellees in this appeal, only HealthSouth has submitted a brief to this Court.
[2] This Court further stated in Nance that "[i]n making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possiblyprevail." 622 So.2d at 299 (emphasis added).