I must respectfully dissent.
I agree with ChemWaste that Henson v. HealthSouth MedicalCenter, Inc., 891 So.2d 863 (Ala. 2004), albeit an action, like the one here, seeking no monetary relief, is nevertheless distinguishable, because we are not in this case dealing with an improper abatement, giving rise to a total escape by the taxpayer from tax liability. Instead, we are confronted with a determination by the taxing authority as to the appropriate liability of ChemWaste under the taxing authority's interpretation of the tax laws, an interpretation Nichols says is inconsistent with the intent of the legislature.
The rule is well settled with respect to the federal tax laws that "[a] taxpayer generally has no standing to challenge the tax liability determination of another taxpayer. Al-Kim, Inc. v.United States, 650 F.2d 944, 947 (9th Cir. 1979); Graham v.United States, 243 F.2d 919, 922 (9th Cir. 1957)." Ravetti v.United States, 37 F.3d 1393, 1395 (9th Cir. 1994). See also Inre *Page 1018 United States Catholic Conference, 885 F.2d 1020, 1028 (2d Cir. 1989), rejecting a taxpayer's standing where the taxpayer contended that the Internal Revenue Service had made a decision in conflict with the intent of Congress with respect to the tax liability of another taxpayer, the United States Catholic Conference.
Our precedent is equally hostile to such interference, although thus far the issue has been addressed only in the context of the availability of a claim for money damages. See Doremus v.Business Council of Alabama Workers' Comp. Self-Insurers Fund,686 So.2d 252 (Ala. 1996). I would hold, as a matter of first impression, that the fact that Nichols framed his claim so as to seek only prospective declaratory relief is inconsequential, because such a limitation does not prevent the inappropriate meddling by one taxpayer in the relationship of another taxpayer with the taxing authorities. I would hold that this Court lacks subject-matter jurisdiction, relegating to the ballot box, and not the courthouse, Nichols's discontent with the judgment of the taxing authorities as to the applicability of the tax laws to another taxpayer.