## WHITE v. JOY, use, &c.

1. The act of June, 1837, inhibits the bearer of a bond or note from suing thereon in his own name, unless he can deduce a title to the same by indorsement; consequently, where a note was payable to S. L. or bearer, an action could not be maintained upon it by J. J. or bearer, for the use of S L.—the same not appearing to have been indorsed to J. J. or any one else.

Writ of Error to the County Court of Barbour.

The defendant in error, for the use of Seaborn Lewis, declared against the plaintiff in assumpsit, on a promissory 'note, made by the latter, and payable to Seaborn Lewis, or bearer. It is not alledged that the legal interest in the note has in any manner passed from the payee, or become vested in the plaintiff below. A judgment by default was rendered against the defendant for the amount of the note with interest and costs. ,

Wiley, for the plaintiff in error.
Lewis and Tompkins, for the defendant.

COLLIER, C. J.—The only question raised by the assignment of errors is, does the declaration show that the plaintiff is entitled to maintain his action. It is an acknowledged rule, applying to judicial proceedings, that to authorize a party to sue as a plaintiff at law, he must show by the pleadings a legal interest in himself. Here, the party for whose use the suit was brought, was the payee of the note sued on, and for any thing appearing upon the record, had never made another person its proprietor. The fact that it was made payable to the beneficial plaintiff, or bearer, does not make the note suable in the name of any person to whom it may be transferred by delivery. The act of June, 1837, " To prevent the institution of illegal and oppressive suits in the United States Courts in this State," expressly inhibits such a mode of passing the legal title in a bond, note, &c.

It is insisted for the defendant in error, that as no injury can

result to the plaintiff by sustaining the judgment which has been rendered, it should not be vacated. It is certainly true, that the test of error in many cases of irregularity is, can the party complaining be prejudiced; but the present is not a case of that character. Here the error is found *in limine,* and cannot be cured by ulterior considerations.

The judgment of the County Court must be reversed, and the cause may be remanded if the defendant in error desires it.