## IN RE CONSTITUTIONALITY OF SENATE BILL NO. 293.

1. CONSTITUTIONAL LAW—GENERAL AND SPECIAL LEGISLATION.

The constitution requires the legislature to provide by general law for the organization and classification of cities and towns, and prohibits special legislation in all cases where a general law may be made applicable. Where the legislature has determined that a general law can be made applicable to the organization and classification of cities and towns, special legislation upon the subject is prohibited.

2. SAME.

The corporate existence of towns incorporated under general laws cannot be destroyed under the guise of amending the charter of the city of Denver.

3. JUDICIAL NOTICE.

The court will take judicial notice of the official census, so far as it relates to this state.

4. CONSTITUTIONAL LAW—CONSTRUCTION.

In determining the constitutionality of an act the court will look to its
necessary operation.

### Original Proceeding.

THE opinion of the court is in response to the following preamble and interrogatories :

" Whereas, provision is made in and by section 2 of senate bill No. 293 for the consolidation of certain towns and cities with larger cities, said section being in the following words, namely :

" ' SEC. 2. All towns and cities now or hereafter existing, having a population of less than one hundred thousand, and lying contiguous to any city existing or to exist under general laws or a special charter with a population of one hundred thousand or more shall, upon the passage of this act, or on becoming contiguous to any such larger city, be dissolved, and the territory included therein shall be consolidated with and become part of the larger city, under the name of the larger city ; ' and

" Whereas, the constitutionality of said provision has been questioned ; therefore

" Be it resolved by the senate of the state of Colorado, that the supreme court of this state is hereby respectfully requested to inform the senate

" Whether, in their opinion, section 2 of said bill is in conflict with section 25 of article II ;

" Or with section 25 of article V ;

" Or with section 13 of article XIV of the constitution of this state."

Mr. PLATT ROGERS, Mr. F. A. WILLIAMS, Mr. L. E. KENWORTHY, Mr. J. E. ROBINSON, Mr. T. H. THOMAS and Mr. C. W. EVERETT, *amici curiæ*, discussed the questions involved.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The constitution requires the legislature to provide by gen-

eral law for the organization and classification of cities and towns and prohibits special legislation in all cases where a general law can be made applicable. By the first provision mentioned the sovereign power has determined that a general law can be made applicable to the organization and classification of cities and towns, and it therefore follows that all special legislation upon the subject is prohibited.

The legislature has by general law provided for the incorporation of cities and towns; for the annexation of contiguous territory; for the uniting of contiguous cities or towns; for the consolidation of contiguous cities or towns; for the annexation of one town or city to another and for the discontinuance of incorporations. These provisions are all general in character and cover the entire ground attempted to be covered by the bill before us. Mills' An. Stats., secs. 4364–4369, 4374, 4376, 4378, 4523–4528; Session Laws of 1893, p. 451.

The particular section of this bill to which our attention is directed is similar in character to certain provisions of a bill submitted to this court by the ninth general assembly, entitled "A Bill for an Act to Revise and Amend the Charter of the City of Denver." It was the design of that bill, as it is of this, to consolidate with the city of Denver the various towns and cities contiguous thereto, but it was then held that the corporate existence of towns incorporated under the general laws of the state could not be destroyed under the guise of amending the charter of Denver; that such legislation was special in character and prohibited by the constitution. *In re Extension of Boundaries*, 18 Colo. 288.

The present bill was evidently prepared for the purpose of accomplishing the result sought to be accomplished by the bill introduced into the ninth general assembly, but by a slightly different method. Much of the time of the courts has been taken up during the last two years in the consideration of questions relating to the charter of the city of Denver and the annexation thereto of contiguous towns incorporated under the general laws of the state, and the desire to avoid the effect of the rules established in those litigated cases is

quite likely to induce parties in interest to prepare bills in the hope that the force of such decisions may be weakened, or perhaps destroyed, in an *ex parte* proceeding, in answer to legislative questions.

The former bill was declared unconstitutional for the reason that by its terms certain cities and towns incorporated under general laws would have their corporate existence destroyed as the result of an amendment to the special charter of the city of Denver. The bill now submitted is claimed to be general in character for the reason that by its terms it is made applicable to all towns and cities contiguous to any city of one hundred thousand or more inhabitants. The court will, however, take judicial notice of the official census so far as it relates to the state, and by this we find that Denver is the only city in the state having a population of one hundred thousand, and that the next largest city has a population of less than twenty-five thousand. It necessarily follows, therefore, that the proposed act at present applies only to towns and cities contiguous to Denver, and to the city of Denver with its special charter, while there is no probability that any other city will increase in population sufficiently to come within its terms for many years to come.

Sections 13 and 14 of article XIV of the state constitution are as follows:

"SEC. 13. The general assembly shall provide by general laws for the organization and classification of cities and towns. The number of such classes shall not exceed four, and the powers of each class shall be defined by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions."

"SEC. 14. The general assembly shall also make provision by general law whereby any city, town or village, incorporated by any special or local law, may elect to become subject to and be governed by the general law relating to such corporations."

It is apparent from these two sections and the inhibition

against special laws, *first*, that the legislature is prohibited from granting a special charter to any city or town; *second*, it is required to provide by general law for the incorporation of cities and towns.

The condemnation by the constitution of special charters is too plain to admit of controversy.  The framers of the instrument, and the people, having in view the many evils resulting from such special charters, absolutely prohibited the granting of such charters in the future, at the same time recognizing the injustice of annulling those already granted, allowed these to remain until repealed or voluntarily surrendered, but required the legislature to open the way by general law for the incorporation of cities and towns theretofore incorporated by special acts.

In view of the hostility of the constitution to special charters, we are clearly of the opinion that cities and towns incorporated under a general law cannot be made subject to the special charter of the city of Denver by direct legislation, although the legislature may provide the means by which contiguous towns and cities may become annexed. In determining the constitutionality of an act the courts will look to its necessary operation, and, viewing the proposed legislation with reference to its effect, it is apparent that the immediate and inevitable result, if constitutional, will be to make the cities and towns contiguous to Denver subject to the special charter of the city of Denver.  This being contrary to the letter and spirit of the constitution, the proposed legislation, if enacted, would be without force.