**MARKOS, Plaintiff, v. CAIN, Clerk, Defendant.**

Common Pleas Court, Franklin County.

No. 191704.   Decided June 15, 1955.

562

Barnhart & Wehr, Richard C. Addison, for plaintiff.

Russell Leach, City Attorney, Harrison W. Smith, Jr., Columbus, Special Counsel.

## OPINION

By GESSAMAN, J.

On demurrer of defendant to the amended petition on the ground that it does not state facts sufficient to constitute a cause of action.

Plaintiff seeks to enjoin the defendant from certifying to City Council the transcript of the proceedings of the County Commissioners ordering the annexation to the City of Columbus of 168 acres of Marion Township. Judge Harter sustained a demurrer to the petition on the ground that plaintiff had not alleged facts showing that he is a "person interested." Sec. 707.11 R. C. An amended petition was then filed. The new allegations upon which plaintiff claims he is a "person interested" are as follows:

"Plaintiff says that he is an adult freeholder and a resident of Marion Township, Franklin County, Ohio, and is an elector in said township and county and that on or about November 2, 1954, as an elector exercising his right to vote, voted for the incorporation of the area known as Marion Township into the Village of Marion Park, Ohio, along with the majority of the electors of said township; that as a result of said election said township was declared incorporated into the Village of Marion Park, Ohio; and that despite such mandate of the majority of the qualified electors in said township the County Commissioners of Franklin County, Ohio, have authorized the annexation of the territory herein described, which is part of Marion Park, to the City of Columbus thereby in effect denying this plaintiff his rights as an elector in said township.

"Plaintiff further says that the area described in the petition for annexation contains, by design, only two (2) adult resident freeholders in the area, they being man and wife, but the area contains a large percentage of the valuable industrial property in the township and that if said annexation is permitted it will deprive said township of consider-

able taxable property and will deny the duly incorporated Village of Marion Park a majority of its taxable assets and will defeat the expressed mandate of the electors of Marion Township and for these reasons the plaintiff is interested in the incorporation of Marion Park, Ohio, and opposed to the annexation of the hereinafter described territory to the City of Columbus; and that the defendant, Agnes Brown Cain, is the duly appointed, qualified and acting Clerk of the City of Columbus, Ohio."

It will be seen that plaintiff is not a resident of the area sought to be annexed and that his claim of interest is based upon the fact that he voted for the incorporation of the larger area and upon his interest in the proposed corporation of Marion Park. He says that if the annexation proceeds he will have lost his vote for the incorporation. He further claims that if the annexation proceeds it will (1) deprive the township of considerable taxable property, (2) it will deny the proposed Village of Marion Park of a majority of its taxable assets and (3) it will defeat the express mandate of the electors of Marion Township.

Plaintiff's claim of interest therefore falls in two categories; one, his vote for and interest in the proposed incorporation of the entire township into the Village of Marion Park and, two, the fact that if the annexation proceeds "it will deprive said township of considerable taxable property."

As to number two, we observe that every annexation subtracts considerable taxable property from one area and adds it to another. That fact, in and of itself, does not make the plaintiff a "person interested."

As to number one above, it is our opinion that plaintiff may not base his claim of interest upon the fact that he voted for the proposed incorporation and his interest therein and that therefore he is opposed to the proposed annexation. The problem of the annexation versus the proposed incorporation is one of jurisdiction. See **State, ex rel. Ferris, v. Shaver, Recorder, 163 Oh St 325,** and the opinions of the writer of this opinion in Hoye v. Schaefer, Recorder, No. 189,975 and in Lamneck, Jr. v. Cain, Clerk, No. 191,454. However, as we construe §707.11 R. C., plaintiff's interest cannot be based solely upon the jurisdictional question or his interest in the proposed incorporation. It is true that a "person interested" may raise the question of jurisdiction but he must first qualify as a "person interested" within the meaning of §707.11 R. C. Plaintiff does not allege that the township trustees obtained jurisdiction of the incorporation proceedings before the County Commissioners obtained jurisdiction of the annexation proceedings. He alleges just the opposite. And there is no allegation upon which to base a claim that the acquisition of jurisdiction by the County Commissioners was invalid.

Research both by counsel and the Court does not disclose any definition by a reviewing court of this state of the term "person interested" as used in §707.11 R. C. We construe it to mean that to qualify as a person interested one's rights must be affected substantially. but not remotely, by the annexation, itself. Such a requirement is not met solely by one's interest in a proposed incorporation of a larger area (here the entire township) of which the area sought to be annexed is a part.

564

Any person living in the City of Columbus may be, by residence alone, interested in the annexation and yet may not show a right to petition this Court under §707.11 R. C. The right under the section is not that broad.

After a careful consideration of the allegations of the amended petition and for the reasons given, it is our opinion that plaintiff has not alleged sufficient facts to show that he is a "person interested." The demurrer of defendant is, therefore, sustained. Having reached this conclusion, the other grounds urged in support of the demurrer need not be considered.