No. 19,487.

CHARLES W. GRIFFIN, ET AL. *v.* CITY OF CANON CITY.
(362 P. [2d] 200)

Decided May 29, 1961.

Messrs. Kettlekamp, McGrath & Vento, for plaintiffs in error.

Mr. J. Harrison Hawthorne, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

The parties appear here in the same order as in the trial court and we will refer to the plaintiffs in error as contestants and to defendant in error as Canon City or City. Certain parties were permitted to intervene and joined in the arguments advanced by the City in the trial court but do not appear here. The controversy arises out of the annexation of the Town of South Canon to the City of Canon City under the provisions of C.R.S. '53, 139-9-13 and 14.

At an election held on July 28, 1959, a majority of the electors of both the Town of South Canon and the City of Canon City approved a measure for the annexation, and thereafter both municipalities enacted ordinances providing that the annexation would take effect on October 1, 1959. On October 16, 1959, the contestants filed their complaint wherein they sought (1) to have the annexation ordinance of the City declared invalid; (2) to enjoin the enforcement of the said ordinance; and (3) to have 139-9-13 and 14 declared unconstitutional.

The trial court granted the motion of the City to dismiss for lack of jurisdiction on the grounds that the annexation had been completed and that a de facto, if not a de jure, corporation had been created so that only quo

warranto would lie, thereby foreclosing the contestants from collaterally attacking the validity of the annexation.

█ Unless prevented by constitutional provision, the General Assembly may authorize the annexation of one municipal corporation to another, 62 C.J.S. 137, §46C (2) (b), and unless proceedings for the annexation of territory to a municipal corporation are wholly void for want of authority or jurisdiction, their validity is not subject to collateral attack. 62 C.J.S. 177, §66.

The history of the present 139-9-13 and 14 reveals that in 1895 it was held that the statutory provisions here under attack complied with the constitutional requirement that the General Assembly provide by general law for the organization of cities and towns. *In re Senate Bill 293,* 21 Colo. 38, 39 Pac. 522.

█ It is not contended that the statutory provisions were not complied with, hence a de facto, if not a de jure, municipal corporation was established. Being a de facto corporation, the general rule is that none but the state through the Attorney General may challenge its existence. *Enos v. District Court,* 124 Colo. 335, 238 P. (2d) 861; *Burns v. District Court,* 144 Colo. 259, 356 P. (2d) 245.

The trial court correctly determined that the contestants as private citizens have no standing to maintain the action, and the motion to dismiss was properly granted.

The judgment is affirmed.