No. 20,220.

GUY TANNER, ET AL., *v.* CITY OF BOULDER, ET AL.

(377 P. [2d] 945)

Decided December 24, 1962.     Rehearing denied February 4, 1963.

Mr. LEONARD M. CAMPBELL, for plaintiffs in error.

Mr. GUY A. HOLLENBECK, for defendants in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THE parties will be referred to as plaintiffs and defendants as they appeared in the trial court.

Plaintiffs' complaint in the trial court alleged both an individual and a class action against defendants relating to the asserted invalidity of a combined annexation and zoning ordinance adopted by the Boulder City Council.

The area involved certain unoccupied land owned solely by one Hindry. He had requested that his land be zoned at the same time for commercial purposes.

The complaint also alleged that plaintiffs are both residents and taxpayers of the City of Boulder and that they are adversely affected by the ordinance in dispute. It further alleged that Sec. 16 of the City Charter states:

"All ordinances and resolutions *shall be confined to one subject* clearly expressed in the title, * * *;" (Emphasis supplied.) and that this provision has been violated in the combined ordinance because annexation is and must be considered to be a separate and independent subject from the zoning classification of that same land.

Defendants filed a motion to dismiss upon the ground that plaintiffs are not aggrieved persons within the meaning of C.R.S. '53, 139-11-6 which recites who may protest annexation proceedings. This motion was granted and the propriety of such action is the subject of this writ of error. Thus the sole question is, did the trial court err in granting the motion? We conclude that it did.

Plaintiffs' complaint alleged that they were bringing the action solely under C.R.S. '53, 139-11-6. This section provides:

"Aggrieved person may seek relief — appeal. — Any person aggrieved by any annexation proceedings had under this article, may apply at any time within ninety days after the effective date of the approving ordinance to the county court of the county in which his land is situated for a hearing and appropriate relief. No appeals shall be prosecuted from judgments of the county court in any proceedings under this article, but writs of error to such judgments shall be as in other civil cases."

We note that the statute provides that *any person aggrieved* may seek relief in the county court and limits the venue of the action to the county court of the county "in which his land is situated." The learned trial court found in this regard:

"That there is only one property owner of the area annexed to the City of Boulder" and concluded "That 'aggrieved' persons, * * * are owners who are aggrieved by the annexation as landowners within the area annexed."

Thus the questions arise: (1) is the statute limited to "landowners within the area annexed," and (2) do plaintiffs have a right to relief outside the statute?

### I.

We do not believe that this section of the statute must be construed as it was by the trial court for the following reasons:

The chapter on annexation (C.R.S. '53, 139-11-1, et seq.) contains in section 3 detailed procedures relating to *petitions by those owners residing within or only owning land within the area to be annexed.* Section 4 details how *counterpetitions may be made by landowners in the area to be annexed.* Sec. 8 (Perm. Supp.) defines "landowner" as used in Sec. 3.

What then is the purpose of Sec. 6? Is it limited to those who are entitled to protest as landowners in the area to be annexed, and who have already been heard once by counterpetition and the annexation election pursuant to sections 3 and 4; or does it include any person who shows that he is in fact "aggrieved" by the "approving ordinance"? We deem the latter to be its true intent.

### II.

We also conclude, for the reasons hereinafter set forth, that aside from C.R.S. '53, 139-11-6 these plaintiffs had a right to be heard even though their complaint stated it was based upon that statute.

Their complaint made a prima facie showing of a

violation of the city charter in the adoption of the questioned ordinance. As taxpayers and residents asserting that they have been adversely affected thereby, they had the right to challenge the ordinance in question. As was said in *Howard v. City of Boulder,* 132 Colo. 401, 290 P. (2d) 237 (1955):

" * * * we can conceive of no greater interest a taxpayer can have than his interest in the form of government under which he is required to live, or in any proposed change thereof. In the last analysis, this interest may well exceed any pecuniary interest he may have. The interest and concern of plaintiff as a taxpayer is not primarily confined to himself alone, but is of 'great public concern,' * * * . If a taxpayer and citizen of the community be denied the right to bring such an action under the circumstances presented by this record, then wrong must go unchallenged, and the citizen and taxpayer reduced to mere spectator without redress."

In *Denver v. Sweet,* 138 Colo. 41, 329 P. (2d) 441 (1958) the right of qualified citizens and electors of the City and County of Denver to challenge by way of a declaratory action an ordinance calling for a charter election was recognized and upheld. We perceive no difference in principle between *Sweet* and the present action for both alleged that the ordinance was invalid, although for different reasons.

In *Littleton v. Wagenblast,* 139 Colo. 346, 338 P. (2d) 1025, (1959), it is stated:

" * * * the function of the county court in such proceedings (i.e. annexation proceedings) is to provide a forum in order to insure first, that the area is eligible and, secondly, that the procedural requirements of the statute have been fully complied with."

■ An allegedly invalid or illegal ordinance need not go unchallenged merely because its subject matter is the annexation of land, or because plaintiffs' challenge thereto recites that their action is based upon a statu-

tory right to relief. Thus, even if the annexation statute excluded plaintiffs as aggrieved persons, as we have held it does not, yet under the facts alleged they have the right to have their complaint heard.

The judgment must be reversed with directions to reinstate the complaint and proceed to a hearing on the merits, once the matter is at issue.

MR. JUSTICE MOORE and MR. JUSTICE PRINGLE concur in the result.

MR. JUSTICE MCWILLIAMS dissents.

MR. JUSTICE MCWILLIAMS dissenting:

In their complaint Tanner and Quinby, after averring that they are residents and taxpayers of the City of Boulder and are owners of real estate situated therein, allege that "each of them are persons aggrieved by certain annexation proceedings attempted by the defendant City of Boulder, within the terms and provisions of Section 139-11-6, C.R.S. 1953, and *bring and institute this action as such.*" (Emphasis supplied.) The relief prayed for in each of their seven claims for relief is the invalidation of a completed annexation by Boulder of certain undeveloped land owned by one Hindry.

At the outset it should be noted that Tanner and Quinby specifically allege that their right to "bring and institute this action" is dependent upon C.R.S. '53, 139-11-6. Neither in the trial court nor in this court have they contended that they have a right to maintain the action independent of that statute. Hence, the holding of the majority that "independent of C.R.S. '53, 139-11-6 plaintiffs had a right to be heard even though their complaint stated that it was based upon that statute" is purely gratuitous and passes final judgment on a matter which has not been urged, briefed or argued by any of the parties. I disagree with such practice, as well as with the result reached by the majority.

The only issue urged, briefed, and argued in this court is whether Tanner and Quinby have demonstrated by the allegations of their complaint that they are "aggrieved" persons within the meaning of C.R.S. '53, 139-11-6. In my view they have not. I am persuaded that when C.R.S. '53, 139-11-6 is read and viewed in the context of the entire article on annexation, the term "aggrieved" persons, as used therein, is limited to landowners in the area annexed or sought to be annexed, and does not include, as the majority has applied it, to the tens of thousands of residents, taxpayers and landowners in the City of Boulder.

In support of the foregoing observations, see *Griffin v. Canon City,* 147 Colo. 15, 362 P. (2d) 200, where in a somewhat analogous situation it was held that private citizens had no right to challenge the completed annexation of a town to a city.

See, also, 13 A.L.R. 2nd pp. 1279-1305, for a comprehensive annotation on the general subject of the right and capacity of a private party to attack the extension of municipal boundaries. In my judgment this annotation reveals that the overwhelming weight of authority is diametrically opposed to the majority opinion in all particulars.