No. 20,515.

S. LEE SMITH *v*. CITY OF AURORA.
(385 P. [2d] 129)

Decided September 16, 1963.

Messrs. KELLEY, INMAN & FLYNN, for plaintiff in error.

Mr. BERNARD V. BERARDINI, Mr. GEORGE B. LEE, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

S. LEE SMITH as plaintiff in the trial court filed his complaint attacking the validity of annexation proceedings conducted in the county court of Arapahoe county. He alleged in the complaint that he was an "aggrieved person" within the meaning of C.R.S. 1953, 139-11-6 which provides, inter alia:

"Any person aggrieved by any annexation proceedings had under this article, may apply at any time within ninety days after the effective date of the approving ordinance to the county court of the county in which his land is situated for a hearing and appropriate relief. * * *"

He further alleged that he was a resident landowner, qualified elector and taxpayer in Arapahoe county; that although his land was not within the limits of the city of Aurora, nor within the area which the city sought to annex in the proceedings to which the complaint was directed, he was, nevertheless, an aggrieved person for the reason that if said annexation was permitted to stand his own property then became eligible for annexation because it would then be adjacent and contiguous to the newly established city boundary.

The city of Aurora filed its motion for summary judgment in which the question was raised as to whether Smith was an "aggrieved person" within the coverage of the statute. The motion for summary judgment was sustained and judgment dismissing the complaint entered. Smith seeks reversal by writ of error.

Two recent opinions of this court have dealt with the question under consideration. In *Tanner, et al., v. City of Boulder,* 151 Colo. 283, 377 P. (2d) 945, the par-

ties objecting to the annexation were residents and property owners of the city of Boulder. We there held. that residents of the city could be persons "aggrieved" and reversed a judgment of the trial court holding to the contrary. Following this decision the case of *City and County of Denver, et al., v. O. J. Miller, et al.,* 151 Colo. 444, 379 P. (2d) 169, was decided. From the opinion in that case we quote the following:

"The problem here, however, is who is in fact a 'person aggrieved'? Does it include any person except those who reside on or own land in the area to be annexed or those taxpayers and citizens who allege they are directly affected and who reside in an *incorporated area* to which the land is being annexed?

"The general rule is that an individual who is a resident of *an unincorporated area,* but not of the particular tract to be detached therefrom by annexation proceedings, is not such a person. The reason is that such person does not suffer, by reason of the annexation, a detriment peculiar to himself as distinguished from the general detriment theoretically shared by all property owners in the governmental unit. See for example *Markos v. Cain,* (Ohio) 154 N.E. (2d) 196 (1955)."

It was there held that persons who were not residents or landowners in the area to be annexed, or landowners or residents in the municipality to which the area is to be annexed, cannot qualify as "any person aggrieved" as that term is used in C.R.S. '53, 139-11-6.

█ It is urged that Smith has a grievance that is not common to other landowners outside the area to be annexed, in that following the annexation his own property becomes vulnerable to annexation to the city due to the fact that it will then be contiguous to the city and his chances of remaining outside its boundaries will be lessened by reason thereof. However, he will not suffer in property or in person by reason of the annexation proceedings to which he objects. No burden or obligation is imposed upon him or his property by the

adoption of the annexation ordinance of which he complains.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANTZ dissents.

MR. CHIEF JUSTICE FRANTZ dissenting:

The majority opinion illustrates what results from the narrow, circumscribed meaning given by this Court to the words "any person aggrieved," appearing in the annexation statutes. A person may be aggrieved in the truest sense and yet be helpless to fend the action of an annexing municipality under such narrow meaning. Such is the plight of Smith in this case.

Smith brought suit under C.R.S. '53, 139-11-6, to contest the annexation on the ground that it was invalid. If the annexation is invalid and if Smith is an aggrieved person, he must initiate suit "within ninety days after the effective date of the approving ordinance." (Id.) Failing to bring suit within the ninety-day period, Smith would be barred from contesting the annexation.

Should the municipality seek to annex Smith's property, using the alleged invalidly annexed property as the fulcrum for necessary contiguity of the Smith property, he may be in a position to attack both annexations, provided the municipality undertakes to annex Smith's property before the ninety-day period has run on the first annexation.

The municipality need wait only until the expiration of the ninety-day period before it undertakes to annex Smith's property which becomes continguous to the municipality by virtue of the alleged invalid annexation, but with which Smith then becomes trapped by the narrow construction of what constitutes "any person aggrieved." He is powerless to assert invalidity because he is by interpretation held to be a person not aggrieved, and after the ninety days the annexation becomes incontestable.

By this process Smith's property becomes contiguous, through an alleged invalid annexation, against which he can make no protest, and his property is subject to being attached to the city in a subsequent annexation.

I would hold Smith to be a "person aggrieved." See my dissent in *Denver v. Miller,* 151 Colo. 444, 379 P. (2d) 169.