246 So.2d 440

**Kathryn PURDY, et al.**

v.

**CITY OF VESTAVIA HILLS, Alabama.**

**6 Div. 699.**

Supreme Court of Alabama.

March 25, 1971.

Speir, Robertson & Jackson, Birmingham, for appellants.

Jenkins, Cole, Callaway & Vance, Birmingham, for appellee.

715

LAWSON, Justice.

On February 18, 1969, the City of Vestavia Hills, by its Mayor, filed with the Judge of Probate of Jefferson County a certified copy of its Resolution 256, wherein it is stated that the public good and public health require that certain territory, described in the resolution, be brought within the limits of the City of Vestavia Hills.

It was requested in the resolution that the Judge of Probate "make all orders and decrees and to do all things required by law, in particular by Article 1 of Chapter 5 of Title 37 of the Code of Alabama of 1940, as amended to the end that the above-described territory be incorporated within the limits of the City of Vestavia Hills, Alabama, if authorized at an election therefor as provided by law."

The resolution was filed under the authority of § 135, Title 37, Code 1940, as last amended by Act 402, approved August 16, 1965, Acts of Alabama, Regular Session 1965, Volume I, p. 578. Act 402, *supra*, is included in the 1969 Cumulative Pocket Part to Volume 9 of the 1958 unofficial Recompiled Code of Alabama at page 92. When we allude hereinafter to .§ 135, Title 37, we have reference to the provisions of Act 402, *supra*, as set out in the above-referred-to Pocket Part to Volume 9 of the 1958 Recompiled Code.

Section 135(10), Title 37, reads:

"The plat or map filed with the certified copy of the resolution, as required herein, shall show accurately the territory proposed to be embraced within the corporate limits, including all subdivisions into lots, blocks, streets and alleys within such territory, if any, and an accurate description by metes and bounds of the boundary of such territory, which territory must be contiguous to the boundary of and form a homogeneous part of the city or town and such territory may extend to or around the boundary line of any other city or town, but is not to embrace any territory within the corporate limits of another municipality. No platted or unplatted territory shall be included within such boundary unless there are at least two qualified electors residing on each quarter of each quarter section, according to government survey, or part thereof, of such platted or unplatted land, who assent thereto in writing by signing said petition, together with the consent of the persons, firms or corporations owning at least sixty percent of the acreage of such platted or unplatted land, such consent to be signified by their signing said petition. Proof of residence and qualification as electors of petitioners and of persons affected shall be made to the judge of probate, by affidavit or otherwise, as he may direct. When determining the ownership of the land within such boundary, the persons, firms or corporations assessing the ,same for taxation shall be accepted by the probate judge as prime facie the owners thereof."

Resolution 256 in its preamble contains statements showing a compliance in all respects with the requirements of § 135(10), Title 37, *supra*.

At the time Resolution 256 was certified to the Judge of Probate there was attached thereto (1) maps of the territory sought to be brought within the limits of the City of Vestavia Hills; (2) petitions of "Property Owners, Residents and Voters" within the territory sought to be annexed; (3) certificate of the Tax Assessor of Jefferson County which reads, in part: "* * * the signatures of the persons, firms, or corporations owning at least sixty (60%) per cent of the acreage described in the attached petition, appear as signers of such petition"; (4) certificate of the Chairman of the Board of Registrars of Jefferson County as to the voting qualifications of the persons whose names appeared on the aforementioned petitions; (5) an affidavit of the City Clerk of the City of Vestavia Hills which reads, in part: "* * * that at least two qualified electors residing on each quarter-quarter section, according to the government survey or part thereof, of the territory sought to be annexed to the City of Vestavia Hills, Alabama, have signed the attached petition. I further solemnly swear (or affirm) that the persons, firms or corporations owning at least sixty percent of the acreage of land sought to be annexed to the City of Vestavia Hills, Alabama, have signed the said petition."

On February 27, 1969, before the Judge of Probate could have legally ordered an election as requested in the resolution (§ 135[2], Title 37), Kathryn Purdy, Margery Purdy, William G. White, Jewel Leigh White and Mildred M. Brannan filed in the Probate Court of Jefferson County a petition alleging that Kathryn Purdy was "* * * the holder of an option to purchase a part of the said territory proposed to be annexed by the City of Vestavia Hills, Alamaba. * * *"; that Kathryn Purdy and those who joined with her in the petition were "owners of property in Jefferson County, immediately adjoining a portion of the territory proposed to be annexed by the City of Vestavia Hills, Alabama, whose property lies within the territory included in a petition for annexation pending with the Town of Hoover, Alabama which also includes part of the property included in the said property included in the petition pending in this proceeding * * *"

The petition of Kathryn Purdy et al. prayed that the relief sought by the City of Vestavia Hills be denied for the following reasons:

1. The territory to be annexed was not contiguous to the City of Vestavia Hills.

2. There was pending before the Town of Hoover a proceeding to annex to that town property of petitioners and others located in a described quarter-quarter section, which quarter-quarter section "is included in the territory proposed to be annexed by the City of Vestavia Hills."

3. A portion of the territory described in Resolution 256 of the City of Vestavia Hills was within the corporate limits of the Town of Hoover.

4. The petition filed by the City of Vestavia Hills with its Resolution 256 did not contain the names of two qualified voters residing in a certain quarter-quarter section in the territory proposed to be annexed (the same forty referred to in 2 above) in that all but one had withdrawn their names from the petition.

On February 27, 1969, the Judge of Probate ordered that the petition of Kathryn Purdy et al. and Resolution 256 of the City of Vestavia Hills be "set down for a hearing on the 5th of March, 1969."

On March 5, 1969, the City of Vestavia Hills filed its Resolution 256–A with map attached, which amended Resolution 256 only as to property description. Resolution 256–A had the effect of eliminating from the territory proposed to be annexed to the City of Vestavia Hills "a small parcel of land which, under the provisions of law, was not includable in the territory subject to annexation to said City." Apparently

"the small parcel of land" was in the Town of Hoover. Kathryn Purdy et al. were not connected with that parcel of land.

The City of Vestavia Hills on the same day filed in the office of the Judge of Probate of Jefferson County a "Motion to Dismiss and Answer." The grounds for dismissal read:

"1. For that said petitioners are not owners of property located in the area described in Resolution Number 256 of the City Council of the City of Vestavia Hills, Alabama. That said petitioners do not assess for taxation any property included in said Resolution; that said petitioners are not qualified electors residing in the area described in said Resolution and that petitioners are not citizens of the Town of Hoover, Alabama, or of the City of Vestavia Hills, Alabama, but they are each interlopers without such interest as entitles them to appear and challenge in this Court the Resolution heretofore filed by the City of Vestavia Hills, Alabama.

"2. For that the Town of Hoover, Alabama, a municipal corporation, under the allegations of the petition filed by Kathryn Purdy, et al., is a necessary and indispensable party to said petition."

Following a hearing held on the same day, March 5, 1969, the Judge of Probate rendered a decree dismissing with prejudice the petition of Kathryn Purdy et al. after finding:

" * * * that no one of said petitioners are owners of property in area described in Resolution No. 256 or 256-A, that no one of said petitioners assess for taxation any property described or included in said resolutions, that no one of said petitioners are qualified electors residing in the area described in said resolutions, or reside in said area, that no one of said petitioners were signers of the petitions presented to the Court, that no one of them are citizens of the Town of Hoover, Alabama, or of the City of Vestavia Hills, Alabama, and no

one of said petitioners have such legal standing as entitles them to appear as parties litigant and challenge the resolutions heretofore adopted and filed by the City of Vestavia Hills, Alabama. * * "

The Judge of Probate on March 5, 1969, rendered a second decree wherein it was ordered that an election be held on April 1, 1969, " * * * by the qualified electors residing within said above described territory proposed to be brought within the corporate limits of the City of Vestavia Hills and who have so resided for three months next preceding said election; * *" —§ 135(4), Title 37.

Kathryn Purdy et al. have sought to appeal to this court from both decrees rendered in the Probate Court of Jefferson County on March 3, 1969.

The cause was submitted here on motions and on the merits.

Motion to Dismiss Appeal

Appellee, the City of Vestavia Hills, asserts in its motion to dismiss the appeal that neither decree which the appellants seek to have this court review is such a final decree as will support an appeal.— §§ 754, 755 and 756, Title 7, Code 1940.

The only case cited by appellee in support of its motion to dismiss is Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60. The holding in that case is not apposite here in that the appeal was from a decree of the probate court which sustained a demurrer to a petition for allowance of an attorney's fee, but which decree did not dismiss the petition or disallow the claim. In that case it was said: "If the petition had been dismissed or the claims disallowed, the decree would have been appealable. (Authorities cited)" (227 Ala. 556, 151 So. 61)

In the case at bar the petition of Kathryn Purdy et al. was "dismissed with prejudice."

█ We entertain the view that the decree dismissing with prejudice the petition

of Kathryn Purdy et al. is such a final decree as will support an appeal.—Keith & Wilkinson v. Forsythe, *supra*, and authorities cited. See Awbrey v. Estes, 216 Ala. 66, 112 So. 529.

The motion to dismiss the appeal from the decree of March 5, 1969, dismissing with prejudice the petition of Kathryn Purdy et al. is denied.

The appeal from the decree of March 5, 1969, ordering the election will be dismissed for a reason to be stated hereinafter.

Motion to Strike Bill of Exceptions

The view which we take of the case on the merits renders is unnecessary to treat this motion.

Merits

It is a well-recognized principle of law that, to authorize a plaintiff to sue on a legal demand, he must show an interest in himself.—White v. Joy, 4 Ala. 571; Alabama City, G. & A. R. Co. v. Kyle, 202 Ala. 552, 81 So. 54. See 67 C.J.S. Parties § 6, pp. 898–902.

In Boger v. Jones Cotton Co., 234 Ala. 103, 105, 173 So. 495, 497, it was observed: "* * * A proper party must have an interest in the subject-matter, or some part of it."

In our opinion the fact that Kathryn Purdy and her copetitioners own land in Jefferson County "adjoining a portion of the territory proposed to be annexed by the City of Vestavia Hills" or the fact that their property "lies within the territory included in a petition for annexation pending with the Town of Hoover," or the fact that property owned by others which is included in the Town of Hoover proceedings is also included in the City of Vestavia Hills proceedings, does not give them such an interest in the Vestavia Hills annexation proceedings as to authorize them to petition the Judge of Probate of Jefferson County to·deny the relief sought by the City of Vestavia Hills.

No Alabama case has been cited to us, and we have found none, which bears on the question at hand. But our research has disclosed cases from other jurisdictions which we think tend to support our conclusion as above stated, although they are not directly in point since statutes are involved.

In Smith v. City of Aurora, 153 Colo. 204, 385 P.2d 129, wherein the other cases which have come to our attention are cited, it appears that Smith filed a complaint attacking the validity of annexation proceedings conducted in the county court of Arapahoe County, Colorado. He alleged in the complaint that he was an "aggrieved person" within the meaning of C.R.S.1953, 139–11–6, which provides, inter alia:

"Any person aggrieved by any annexation proceedings had under this article, may apply at any time within ninety days after the effective date of the approving ordinance to the county court of the county in which his land is situated for a hearing and appropriate relief. * * *"

Smith further alleged that he was a resident landowner, qualified elector and taxpayer of Arapahoe County; that although his land was not within the limits of the City of Aurora, nor within the area which the City sought to annex in the proceedings to which the complaint was directed, he was, nevertheless, an aggrieved person for the reason that if said annexation was permitted to stand, his own property would become eligible for annexation because it would then be adjacent and contiguous to the newly established City boundary.

The trial court dismissed Smith's complaint and he appealed to the Supreme Court of Colorado, which affirmed the judgment of dismissal after quoting from the case of City and County of Denver et al. v. Miller et al., 151 Colo. 444, 379 P.2d 169, as follows:

.  "The problem here, however, is who is in fact a 'person aggrieved'? Does it include any person except those who reside on or own land in the area to be

annexed or those taxpayers and citizens who allege they are directly affected and who reside in an *incorporated area* to which the land is being annexed?

"The general rule is that an individual who is a resident of *an unincorporated area*, but not of the particular tract to be detached therefrom by annexation proceedings, is not such a person. The reason is that such person does not suffer, by reason of the annexation, a detriment peculiar to himself as distinguished from the general detriment theoretically shared by all property owners in the governmental unit. See for example Markos v. Cain, (Ohio Com.Pl.), 154 N.E.2d 196 (1955)."

In the Smith case, in response to the position taken by Smith that he was an aggrieved person within the meaning of the applicable statutory provision in that if the annexation was permitted to stand, his own property then became eligible for annexation because it would then be adjacent and contiguous to the newly established City boundary, the Colorado court said:

"It is urged that Smith has a grievance that is not common to other landowners outside the area to be annexed, in that following the annexation his own property becomes vulnerable to annexation to the city due to the fact that it will then be contiguous to the city and his chances of remaining outside its boundaries will be lessened by reason thereof. However he will not suffer in property or in person by reason of the annexation proceedings to which he objects. No burden or obligation is imposed upon him or his property by the adoption of the annexation ordinance of which he complains." (385 P.2d, 130)

We realize that Kathryn Purdy and her copetitioners could not avail themselves of the method prescribed by § 135(8), Title 37, for contesting the election because they were not qualified to vote in the election. But the absence of that qualification is one reason why we think their petition in this case was correctly dismissed with prejudice.

Kathryn Purdy et al. had no right to appeal from the decree of March 5, 1969, ordering the election. They were no longer parties to the litigation, their petition having been dismissed with prejudice. Hence, appellee's motion to dismiss the appeal from that decree is well taken and that appeal should be dismissed.

Motion to dismiss appeal from decree of March 5, 1969, dismissing with prejudice the petition of Kathryn Purdy et al. is denied.

Motion to dismiss appeal from decree of March 5, 1969, ordering the election is granted and that appeal is dismissed.

The decree dismissing with prejudice the petition of Kathryn Purdy et al. is affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.