This appeal arises from a summary judgment entered by the trial court in an action challenging the validity of a local ordinance annexing certain property into the corporate limits of the City of Guntersville, Alabama.
Marshall County Concerned Citizens and a number of its members in their individual capacities sued Guntersville and McPherson Oil Company, Inc., alleging that the city had abused its discretion in enacting an ordinance annexing into the city limits of Guntersville property owned by McPherson, upon which McPherson operated a convenience store.[1] The plaintiffs maintained in the complaint that the annexation of the McPherson property was invalid because the property is not contiguous to the previous *Page 1332 
corporate limits of the city and that the annexation effectively made the property annexed "wet" without a vote of the people of Marshall County.[2] The plaintiffs sought an order 1) declaring null and void the ordinance annexing the property in question and 2) enjoining McPherson from the sale of alcoholic beverages on the property purportedly annexed. The case was submitted to the trial court on motions for summary judgment by the plaintiffs and by the defendants. The trial court entered a summary judgment for the defendants, and the plaintiffs appealed.
Although the plaintiffs raise a number of issues on appeal, we find the decisive issue to be whether the plaintiffs had standing to bring the action, and, thus, whether the trial court properly entered a summary judgment for the defendants.
In their motion for a summary judgment, the defendants asserted that the plaintiffs lacked standing to bring the action. The defendants alleged that the plaintiffs had no interest in the outcome, because none of them owned property in the area of or adjacent to the property that was to be annexed. The defendants further alleged that none of the plaintiffs resided within the corporate limits of the City of Guntersville or in the area annexed. The defendants supported their assertions by submitting an affidavit from Paul Richey, chief clerk for the tax assessor for Marshall County, in which Richey confirmed that none of the plaintiffs owns property within the city limits of Guntersville or in the area annexed or adjacent to the area annexed. The defendants also submitted affidavits from Lena Kennamer, city clerk of the City of Guntersville, and Tim Mitchell, probate judge for Marshall County, both of whom stated that none of the plaintiffs was a registered voter in the City of Guntersville.
The plaintiffs also moved for a summary judgment. In support of their motion, the plaintiffs submitted several depositions and affidavits and asked the trial court to take judicial notice of its prior judgments in two cases that were affirmed in a consolidated appeal to this Court styled Johnson v. Rice,551 So.2d 940 (Ala. 1989). The Johnson case, in which Marshall County Concerned Citizens was one of the appellees, also concerned annexations of property into the City of Guntersville. The plaintiffs asserted in the trial court, as they do on appeal, that the Johnson decision is res judicata on the issue of their standing to challenge the annexation at issue in this case.
In the Johnson case, there was no direct ruling by this Court on the standing issue, as noted in Justice Almon's dissent in that case. The majority, in affirming, merely set out, in full, the trial court's judgment in one of the two cases and concluded that there was no basis for reversing. The trial court's judgment, under the heading "Conclusion of Law," addressed the standing of the plaintiffs in a single paragraph:
 " 'One or more of the plaintiffs has standing to challenge the validity of each annexation ordinance challenged herein, and the validity of each alcoholic beverage license challenged herein.' "
551 So.2d at 944. Although the reasoning behind the trial court's conclusion that the plaintiffs in Johnson had standing is not stated, its decision could have been based on the fact that there was present in that case a plaintiff (who is not a party in the present case) who operated a business on property that was brought within Guntersville's police jurisdiction by the operation of the ordinances at issue in that case. We do not agree that the Johnson decision is res judicata on the issue whether the plaintiffs in the present case have the requisite standing to challenge the annexation ordinance.
The doctrine of res judicata consists of two subsets: claim preclusion and issue preclusion. Shelby County Planning Comm'nv. Seale, 564 So.2d 900 (Ala. 1990). In the present case, we are concerned with the latter subset, issue preclusion. The elements of issue preclusion are: 1) that the parties in the prior action and those in the subsequent action are the same; 2) that *Page 1333 
an identical issue existed in both suits; 3) that the issue was actually litigated in the prior suit; and 4) that the resolution of the issue was necessary to the prior judgment.Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala. 1990). In the present case, we need not look past the first element to conclude that the issue of standing is not precluded by theJohnson decision.
Although there are some plaintiffs in the present action who were parties in the cases that were consolidated inJohnson, there are other plaintiffs in this action who were not parties in Johnson and there were plaintiffs in Johnson who are not parties here. We find these differences in the groups of plaintiffs in Johnson and the group of plaintiffs in the present case to be sufficient to require a separate analysis of standing under the facts of the present case and to prevent reliance on the decision of the standing issue in the Johnson
case.
Turning now to the merits of the standing issue under the facts of the present case, we note that Justice Almon in his dissenting opinion in Johnson stated:
 "It is axiomatic that a party must have standing to challenge the validity of an annexation ordinance. This Court has held that '[o]ne has standing to bring his complaint into court "if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case." ' Ex parte Marshall Durbin Co. of Jasper, Inc., 537 So.2d 496, 497
(Ala. 1988), quoting Smith v. Potts, 293 Ala. 419, 422, 304 So.2d 578, 580 (1974). Also, to be a proper party plaintiff, the party must have 'an interest in the right to be protected.' Marshall Durbin, supra, at 497-98. See also Davis v. Southern United Life Ins. Co., 494 So.2d 48 (Ala. 1986); Eagerton v. Williams, 433 So.2d 436 (Ala. 1983); Bagley v. City of Mobile, 352 So.2d 1115
(Ala. 1977). Furthermore, 'the question of standing to bring an action focuses on the party seeking to bring a complaint before a court and not on the issues the party wishes to have adjudicated.' Smith v. Potts, 293 Ala. 419, 422, 304 So.2d 578, 580
(1974) (emphasis added), citing Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), and Harman v. City County of San Francisco, 7 Cal.3d 150, 101 Cal.Rptr. 880, 496 P.2d 1248 (1972)."
551 So.2d at 947 (emphasis in original).
In the present case, we find that none of the plaintiffs has an interest in the outcome of an action challenging the validity of the annexation. As noted above, the affidavit of Paul Richey, chief clerk for the tax assessor of Marshall County, indicates that none of the plaintiffs owns property within the city limits of Guntersville and that none owns property in the area sought to be annexed. No plaintiff claims to reside within the city limits of Guntersville or in the area sought to be annexed. No plaintiff claims to own land within the police jurisdiction of Guntersville or in the police jurisdiction as it exists after the purported annexation. No plaintiff claims to reside within the police jurisdiction of Guntersville or in the police jurisdiction as it exists after the purported annexation. None of the plaintiffs claims that he will suffer an increased tax burden as a result of the purported annexation. No plaintiff has demonstrated any way in which he will be adversely affected by the purported annexation. See Purdy v. City of Vestavia Hills, 286 Ala. 714,246 So.2d 440 (1971).
Because no plaintiff has standing to challenge the validity of the annexation ordinance, the summary judgment for the defendants is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES and KENNEDY, JJ., concur.
MADDOX and HOUSTON, JJ., dissent.
[1] Marshall County Concerned Citizens is an unincorporated association whose members are residents of Marshall County, Alabama, and whose purpose is to provide an organization for concerted action on issues considered by the members to be of important public concern. The group has primarily acted to prevent passage of referenda legalizing the sale of alcoholic beverages in Marshall County.
[2] A majority of voters in the City of Guntersville had, in 1984, voted in favor of allowing the sale of alcoholic beverages within the city's corporate limits.