598 So.2d 1338 (1992)
Excell GIVORNS, et al.
v.
CITY OF VALLEY and Emerson Thompson, as Judge of Probate of Chambers County.
1901874.
Supreme Court of Alabama.
March 27, 1992.
Rehearing Denied May 22, 1992.
*1339 Donald M. Phillips, Lanett, for appellants.
John Ben Jones, Lanett, for appellees.
SHORES, Justice.
The plaintiffs appeal from a declaratory judgment entered in favor of the City of Valley. We affirm.
In 1990, residents living south of the City of Valley petitioned to have an election to determine whether the Judge Brown-Ben Road area could be annexed into the city. The proponents took petitions door to door so as to obtain sufficient signatures to satisfy the statutory requirements for annexation. Pursuant to Alabama Code 1975, § 11-42-2(10), owners of at least 60% of the property sought to be annexed consented to the annexation, their consent being evidenced by their signing a petition seeking annexation.
The probate judge of Chambers County was required to verify the names on the annexation petitions and to order an election, because there had been compliance with the applicable statutes. Excell Givorns, Willis Laney, and Hayward Ingram filed a declaratory judgment action challenging the validity of the petition and they sought to enjoin the annexation election. The election was held on October 23, 1990, and the result was in favor of annexation. It is undisputed that Givorns and Ingram were not allowed to vote; they have real property located in the annexed area but do not have a residence on the property annexed. Laney was permitted to vote; his residence is within the area to be annexed.
Givorns and Ingram appeal, arguing that they should have been allowed to vote because, they argue, the election concerned the status of their property. The City of Valley claimed that Givorns and Ingram were not qualified to vote, but that they could have participated in the annexation election by allowing their residences to be included in the area proposed to be annexed; however, by choosing to be excluded, the City argues, they voluntarily relinquished the right to participate in the voting process, which by statute was limited to residents of the area proposed to be annexed.
"Courts should not intervene in council decisions to require the annexation of persons who do not want to be annexed on a theoretical supposition that their votes might have affected the election results...." City of Birmingham v. Wilkinson, 516 So.2d 585, 594 (Ala.1987).
The City of Valley filed a motion for summary judgment, which was granted on June 4, 1991. Pursuant to Rule 56, A.R.Civ.P., our standard of review is whether there was any genuine issue of material fact and, if not, whether the City of Valley was entitled to a judgment as a matter of law. In determining whether there was a genuine issue of material fact, an appellate court is limited to reviewing the factors and the evidence considered by the trial court when it entered the summary judgment. Purvis v. PPG Industries, 502 So.2d 714, 716 (Ala.1987).
Givorns, Ingram, and Laney contend that the City of Valley was involved in gerrymandering and, therefore, that the election should be declared void. The trial court determined that the annexation was an effort conducted by individuals, not by the City of Valley and that there was no involvement by the City of Valley other than to do those acts statutorily required in connection with the annexation process. We *1340 agree that the record required such a conclusion. Furthermore, the trial court allowed the plaintiffs additional time to produce evidence to show that the City of Valley had participated in unreasonable gerrymandering or that legal votes had been rejected at the annexation election, and no such evidence was ever produced.
The Fourteenth Amendment to the United States Constitution applies only to such action as may be attributed to the state and does not inhibit the conduct of private individuals. Ingram v. Steven Robert Corp., 419 F.Supp. 461, 463 (S.D.Ala. 1976), affirmed, 547 F.2d 1260 (5th Cir. 1977).
Section 11-42-2, Code of Alabama 1975, states in part:
"(3) The judge of probate may designate as many places within the territory proposed to be annexed as he may deem necessary for the convenience of the voters and must designate the boundaries within which the voters must reside to vote....
"(4) Each qualified elector who has resided within the boundaries of the territory proposed to be brought into the city or town for three months next preceding the election may vote at such election, but must vote at the voting place designated by the judge of probate for voters in the territory in which he resides."
This statute applies the residency requirements by limiting the franchise to qualified voters who reside within the boundaries of the area proposed to be annexed.
Givorns and Ingram argue that this statute is unconstitutional and that they have a fundamental right to vote guaranteed by the Equal Protection Clause of the Fourteenth Amendment and that a compelling state interest is required in order to justify the infringement of a fundamental right. San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). The right to vote is a "constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction." 411 U.S. at 34 n. 74, 93 S.Ct. at 1297 n. 74. In the present case, the jurisdiction consists of the annexed area; those who reside outside the boundaries of the annexed territory do not have a constitutional right to vote, therefore a compelling state interest need not be shown.
The City of Valley need only show that the challenged statute has a rational basis. The restrictions must "bear some rational relationship to a legitimate state purpose," and "the Equal Protection Clause is offended only if the statute's classification `rests on grounds wholly irrelevant to the achievement of the State's objective.'" Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 70-71, 99 S.Ct. 383, 389-390, 58 L.Ed.2d 292 (1978).
A rational basis for the restriction in the challenged statute exists. The franchise was limited to residents in the area annexed because it was rationally determined that this area would be the area most directly affected. The evidence showed that the annexation was reasonable in furtherance of legitimate municipal objectives such as the admission of community residents who desired to come into the City of Valley and an extension of the city into areas located in the natural path of expected growth. When an annexation is done for a proper purpose, it does not unconstitutionally exclude voters. This annexation election was a special interest election, and there is a rational basis for limiting the right to vote to the residents of the annexation area.
The United States Supreme Court reinforced the principle that a bona fide residency is the acceptable means of qualifying the right to vote:
"No decision of this Court has extended the `one man, one vote' principle to individuals residing beyond the geographic confines of the governmental entity concerned, be it the State or its political subdivisions. On the contrary, our cases have uniformly recognized that a government unit may legitimately restrict the right to participate in its political processes to those who reside within its borders." *1341 439 U.S. at 68, 99 S.Ct. at 389. Furthermore, geographic residence restrictions in annexation elections do not show invidious discrimination as long as a rational basis exists, because such restrictions are not based upon extraneous conditions such as race, wealth, tax status, or military status. Gordon v. Lance, 403 U.S. 1, 91 S.Ct. 1889, 29 L.Ed.2d 273 (1971).
Based on the facts before the trial court when it ruled on the summary judgment motion, we agree that there was no genuine issue of material fact, and, therefore, that the City of Valley was entitled to a judgment as a matter of law. The summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON and KENNEDY, JJ., concur.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
I concur in the holding that these appellants, under the facts of this case, have not shown that they had a right to vote in this particular annexation election, because they reside outside the annexed territory. By voting to affirm the judgment here, however, I should not be understood as agreeing that a person residing outside an annexed area might not have standing to challenge governmental action that would affect the property rights of individuals or corporations who own property in the annexed territory. The holding in Gomillion v. Lightfoot, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1960), is plain that governmental action to deny the right of franchise can be challenged by persons who have been gerrymandered out, as well as those who have been gerrymandered in. Cf. City of Birmingham v. Community Fire District, 336 So.2d 502 (Ala.1976), in which this Court upheld an injunction issued at the request of a community fire district and other intervenors, on the ground that they had been deliberately gerrymandered out of the annexed territory.[1]
I believe that when persons who reside outside the annexed territory can show that governmental action to annex substantially affects their property rights, or their political rights, they have standing to challenge what they consider to be an unreasonable or unconstitutional exercise of a municipality's power to annex. See my dissent in Marshall County Concerned Citizens v. City of Guntersville, 598 So.2d 1331 (Ala.1992); there I expressed my views that citizens who had banded together to oppose the legalization of the sale of alcoholic beverages in what had been an unincorporated part of the county before an annexation, had standing to challenge the legality of the annexation election, which had had the effect of changing the annexed territory from "dry" to "wet."
The law, as I view it, requires that, in determining the reasonableness of a municipal annexation, judicial scrutiny should be cautiously exercised and should be guided by the language of the landmark case of Hunter v. City of Pittsburgh, 207 U.S. 161, 178, 28 S.Ct. 40, 177, 52 L.Ed. 151 (1907). Based on the principles set forth in that case, and in other cases from this Court involving annexations, I agree that these plaintiffs have not shown that they have a right to challenge this particular annexation election. I write specially only because I think that this Court incorrectly held that the plaintiffs in Marshall County Concerned Citizens did not have standing in that case. I want to preserve my legal position on the standing question.
NOTES
[1] I dissented in Community Fire District, because I thought that the plaintiffs there, like these plaintiffs, had not shown that their constitutional rights had been violated.