I concur in the holding that these appellants, under the facts of this case, have not shown that they had a right to vote in this particular annexation election, because they reside outside the annexed territory. By voting to affirm the judgment here, however, I should not be understood as agreeing that a person residing outside an annexed area might not have standing to challenge governmental action that would affect the property rights of individuals or corporations who own property in the annexed territory. The holding in Gomillion v.Lightfoot, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1960), is plain that governmental action to deny the right of franchise can be challenged by persons who have been gerrymandered out, as well as those who have been gerrymandered in. Cf. City ofBirmingham v. Community Fire District, 336 So.2d 502 (Ala. 1976), in which this Court upheld an injunction issued at the request of a community fire district and other intervenors, on the ground that they had been deliberately gerrymandered out of the annexed territory.[1]
I believe that when persons who reside outside the annexed territory can show that governmental action to annex substantially affects their property rights, or theirpolitical rights, they have standing to challenge what they consider to be an unreasonable or unconstitutional exercise of a municipality's power to annex. See my dissent in MarshallCounty Concerned Citizens v. City of Guntersville,598 So.2d 1331 (Ala. 1992); there I expressed my views that citizens who had banded together to oppose the legalization of the sale of alcoholic beverages in what had been an unincorporated part of the county before an annexation, had standing to challenge the legality of the annexation election, which had had the effect of changing the annexed territory from "dry" to "wet."
The law, as I view it, requires that, in determining the reasonableness of a municipal annexation, judicial scrutiny should be cautiously exercised and should be guided by the language of the landmark case of Hunter v. City of Pittsburgh,207 U.S. 161, 178, 28 S.Ct. 40, 177, 52 L.Ed. 151 (1907). Based on the principles set forth in that case, and in other cases from this Court involving annexations, I agree that these plaintiffs have not shown that they have a right to challenge this particular annexation election. I write specially only because I think that this Court incorrectly held that the plaintiffs in Marshall County Concerned Citizens did not have standing in that case. I want to preserve my legal position on the standing question.
[1] I dissented in Community Fire District, because I thought that the plaintiffs there, like these plaintiffs, had not shown that their constitutional rights had been violated.